MONKA and others, Appellants, vs. STATE CONSERVATION COMMISSION and others, Respondents.

*May 2—June 11, 1930.*

The cause was submitted for the appellants on the brief of *Hougen & Brady* of Manitowoc, and for the respondents on that of the *Attorney General, Lyman F. Fischer,* district attorney of Manitowoc county, and *J. E. Messerschmidt,* assistant attorney general.

FRITZ, J. Plaintiffs contend that ch. 278, Laws of 1925— sec. 29.33 (7) (c),—is unconstitutional because it is a local act and does not express the subject in the title as is required by sec. 18, art. IV, Const., which is as follows:

"No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

The title of ch. 278, Laws of 1925, is as follows:

"An act to amend the introductory portion of paragraph (c) of subsection (7) of section 29.33 of the statutes, relating to net fishing in outlying waters."

Plaintiffs contend that ch. 278, Laws of 1925, is a local bill because, by its terms, it is applicable only to Lake Michigan, and not to all "outlying waters." As a matter of fact, paragraph (c) of sub. (7), sec. 29.33, Stats., and ch. 278, Laws of 1925, do not relate to all "outlying waters." Their provisions relate to Lake Michigan only, and Lake Michigan is only one of the "outlying waters," which, as that term is defined in sec. 29.01 (4), Stats., include also the waters of Lake Superior, Green Bay, etc.

Plaintiffs also contend that sec. 29.33 (7) (c), Stats., as originally enacted by ch. 668, Laws of 1917, is likewise void because the title thereof also failed to conform to sec. 18, art. IV, Const., in that, although the enactment was by a

bill which was local because it contained provisions which were local, the subject of such provisions was not expressed in the title, and the bill embraced more than one subject. In ch. 668, Laws of 1917, the legislature assembled the existing provisions of the fish and game laws.

However, if ch. 278, Laws of 1925, and ch. 668, Laws of 1917, are not "local" bills within the meaning of that term as used in sec. 18, art. IV, Const., then that section is not applicable, and those enactments are not void because of defective titles. Both acts were enacted in furtherance of the conservation of fish and game, for the general welfare and benefit of all of the people. As stated in the concurring opinion in *State ex rel. Hammann v. Levitan,* 200 Wis. 271, at p. 282, 228 N. W. 140, 144:

"We held in *Krenz v. Nichols,* 197 Wis. 394, 222 N. W. 300, that the title to all wild animals is in the state, in trust for the public. The state has the undoubted right to protect and preserve such animals in the public interest, with all the necessary concomitants."

It is well settled that—

"It is not only the right of the state, but also its duty, to preserve for the benefit of the general public the fish in its waters, in their migrations and in their breeding places, from destruction or undue reduction in numbers through the caprice, improvidence, or greed of the riparian proprietors as well as of trespassers." *Ex parte Fritz,* 86 Miss. 210, 217, 38 South. 722.

"To legislate intelligently upon such a subject there must be a legislative discretion as to the different kinds of fish and as to the different waters in which they are or may be found. The exercise of such legislative discretion in the instant case does not seem to be condemned as class legislation by any clause of our state constitution." *Bittenhaus v. Johnston,* 92 Wis. 588, 595, 66 N. W. 805.

Are bills on subjects of such general and state-wide concern, which are enacted for the general welfare of all of the people of the entire state, merely "local" because in their

execution they operate territorially upon a particular section of the state only? If so, many of our fish and game laws, and enactments for the location, construction, and maintenance of state institutions at specified locations, are invalid because they have been enacted as general and not as merely local laws. Although under their provisions the execution of those laws is to occur only at some specified locality, the ownership of such institutions is in the state, for the use and benefit of the entire public, all of whom have a general interest and concern therein, as they also have in the wild animals and fish, title to which is likewise in the state, in trust for the public. All that is held by the state, as proprietor, trustee, or in some governmental capacity, is a matter of general and state-wide concern, wherever located, and whenever it constitutes the subject of proposed legislation the bill relating thereto is not merely a matter of local interest or concern, or a merely "local" bill, within the meaning of sec. 18, art. IV, Const.

In relation to an identical provision in the constitution of New York (sec. 16 of art. III), the court of appeals of New York, in passing upon the validity of an act entitled "An act to prevent the deposit of carrion, offal, or dead animals in the North or East rivers or in the bay of New York or Raritan bay, within the jurisdiction of the state of New York," said:

"The fact that an act operates only upon a limited area or upon persons within a specified locality and not generally throughout the state is, in most cases, a reasonably accurate test by which to determine whether the act is general or local. But it is not decisive in all cases. The entire state may be interested in the enactment and execution of a law operating territorially upon a particular section of the state only. In some general sense all the people are or may be interested in laws of a public character although local, as for example in the administration of justice in the city of New York, the construction and reparation of streets and

highways in whatever locality they may be. This is not, however, such a direct interest as makes laws providing for local courts in a specified locality, or for the construction of a bridge, general.

"But are laws regulating quarantine in the port of New York, or the landing of emigrants therein, local in the same sense as laws relating to city courts or to a particular highway or street? The eighth section of the act of 1886 was manifestly enacted for the protection of the harbor of New York in the interest of commerce and navigation. The citizens of New York city may possibly have a greater stake in the matter than citizens in other localities, but the destruction or serious impairment of the harbor of New York would directly affect the prosperity of the state. It would impair its revenues, imperil its system of river, canal, and railroad transportation, and it is not too much to say that every industrial interest, agricultural or mechanical, would feel its blighting influence. A law having for its object the protection of the navigation in the harbor of New York is, we think, general and not local. The act is limited territorially, but the subject is both public and general." *Ferguson v. Ross,* 126 N. Y. 459, 464, 27 N. E. 954.

The reasoning and principles thus stated are equally applicable to enactments for the conservation of fish and game. In *Doughty v. Conover,* 42 N. J. L. 193, it was contended that a statute prohibiting fishing in certain designated waters was a local law, and, as such, void for failure to comply with certain constitutional provisions. The court said:

"A law is not necessarily of a special or local character because it prohibits the doing of a thing in a certain locality. If this were so, a law regulating the use of the public roads of the state, and imposing penalties for the infringement of such rules, would be illegitimate, as such a law would be local, in the sense that it prohibited the doing of certain acts in particular localities, to wit, within the bounds of the public highways. I do not see how a law can be said to have a special or local character that does not confer either a particular benefit, or does not impose a particular burden upon the inhabitants of a designated place or district. It is very

plain that the law in question is free from such character-istics. It is entitled 'An act for the preservation of fish,' and its purpose is to regulate throughout the state this public interest. The operation of the statute is as broad as the subject to be regulated, for it extends its adjustments to all the waters under the dominion of the state, and when it imposes the restrictions in the second clause, which is the one under criticism, such burdens are laid not only upon the inhabitants of the two counties that are mentioned, but upon all the citizens of the state. In short, this act dealt with a matter of general concern, and it put a restraint upon everybody; it is not, therefore, special or local in its character." (Page 195.)

Likewise, in *State v. Corson*, 67 N. J. L. 178, 50 Atl. 780, it was held that an act entitled "An act for the better regulation and control of the taking, planting, and cultivating of oysters on lands lying under tidal waters of the Delaware bay and Maurice river cove, in the state of New Jersey," was not a local law. The court said:

"A statute is not special or local merely because it authorizes or prohibits the doing of a thing in a certain locality. It is, notwithstanding this fact, a general law, if it applies to all the citizens of the state and deals with a matter of general concern. . . . The act before us, tested by this rule, is also general. Although it deals with the lands of the state under tide water only in certain localities, the matters which it regulates are of general, not local, concern. The lands themselves belong to the people of the state, not to the citizens of the counties where they are located.

"Nor is there any selection, by the act, of favored individuals as the recipients of the state's liberality to the exclusion of other citizens." (Page 189.)

As to the contention that a similar statute, regulating fishing, was not a local law, although the application of its provisions was confined to specified waters, the court said, in *State v. Blanchard*, 96 Oreg. 79, 87, 189 Pac. 421:

"The argument also ignores the repeated decisions of our own and other courts, that nobody has an absolute right to fish in the waters of this state; that the property in fish,

abounding in the waters of this state, so far as they can be said to be property, is in the state in trust for the people, and, so long as it does not discriminate between citizens, the legislature may prescribe the time in which and the method by which the fish may be taken, and the waters from which they may be taken. . . . The restriction, in its substance, does not apply to the water or the locality of the stream, but the fish that abound therein. It is the command of the *quasi*-proprietor, designating upon what terms its property shall be enjoyed—by the citizen and by every citizen upon the same terms."

In this state the question of whether a bill is local or not, within the meaning of sec. 18, art. IV, Const., has been considered in a number of cases, some of which are reviewed in the able opinion in *Milwaukee County v. Isenring,* 109 Wis. 9, 85 N. W. 131. However, in that case, as well as the other Wisconsin precedents in which a bill was held to be but a local bill, the subject thereof was not a matter of general, state-wide interest or concern. Thus, the act under consideration in the *Isenring Case* related only to the manner of compensating the sheriff of Milwaukee county. It provided that he was to receive a salary in lieu of the usual sheriff's fees and charges; and that he was to continue to collect such fees and charges, but pay them into the county treasury. The subject of that act was a matter of concern only to the people of Milwaukee county. In no manner or respect did its operation extend to or affect the whole state, or any person in any other locality than Milwaukee county. It was rightly held to be a local law within the meaning of sec. 18, art. IV, Const. We approve the conclusion that—

"An act is 'general,' as contradistinguished from and inconsistent with 'local,' in the sense the latter term is used in sec. 18, art. IV, of the constitution, only when its operation extends to the whole state, or perhaps to the whole of some class of localities therein which the legislature may constitutionally make upon the principles recognized and ap-

proved for the classification of cities for the purpose of general legislation." (Page 19.)

However, the writer of the opinion in that case does not seem to have taken into contemplation the class of legislation, of general, state-wide interest and character, with which we are concerned in this action. Supplementing the conclusion there stated, we now add that the operation of a bill is considered to extend to the whole state, so that it is not a mere local bill, when the subject thereof is such that the state itself has an interest therein as proprietor, or as trustee, or in its governmental capacity, for the benefit or in the interest of the general public. That, of course, does not include a bill which merely imposes a burden or confers a benefit upon specified persons or localities, which do not constitute a legitimate class for the purpose of general legislation under the established principles of classification of cities for such purpose.

It follows that as the state, as trustee, has an interest in its wild animals and fish, the conservation of which is a matter of general, state-wide interest to all of its people, as distinguished from merely local concern; and as all restrictions in ch. 278, Laws of 1925, and ch. 668, Laws of 1917, are imposed wholly in furtherance of the preservation of such public interest, and alike upon and for the benefit of all of· the people, the bills enacting those chapters were not mere private or local bills, and they are not void because the subject thereof was not expressed more accurately in the title.

For the same reasons, ch. 475, Laws of 1927, which was under consideration in *State ex rel. Hammann v. Levitan, supra,* should not have been considered a *local act.* However, in that case it was rather assumed, without further consideration, that that act was local. In so far as sec. 18, art. IV, Const., was then involved, the issue was, primarily, whether that act embraced more than one subject, and

whether the subject thereof was sufficiently expressed in its title. As it was held that the title was not violative of sec. 18, art. IV, so as to render the act unconstitutional as a local bill, there was then no occasion for further consideration as to whether or not it was a local bill.

For the reasons stated, ch. 278, Laws of 1925, and ch. 668, Laws of 1917, are not subject to attack on the grounds relied upon in the complaint herein, and the learned circuit judge rightly sustained the defendants' demurrer.

*By the Court.*—Order affirmed.