MILWAUKEE COUNTY, Plaintiff and Appellant, vs. CITY OF MILWAUKEE, Defendant and Appellant: CITY OF WEST ALLIS and others, Defendants and Respondents.

*January 12—February 9, 1937.*

For the appellant Milwaukee county there was a brief by *Herbert J. Steffes,* district attorney, *O. L. O'Boyle,* corporation counsel, and *C. Stanley Perry* and *Clark J. A. Hazelwood,* assistant corporation counsel, and oral argument by *Mr. Hazelwood.*

For the appellant city of Milwaukee there was a brief by *Walter J. Mattison,* city attorney, and *Carl F. Zeidler,* assistant city attorney, and oral argument by *Mr. Zeidler.*

For the respondents other than the city of West Allis there was a brief by *George H. Gabel,* attorney for the village of Whitefish Bay, *Allen J. Busby,* attorney for the village of West Milwaukee, *C. R. Dineen,* attorney for the towns of Granville, Milwaukee, and Franklin, *Fred L. Luehring,* attor-

ney for the town of Greenfield, and *Roy R. Stauff,* attorney for the city of Wauwatosa, and oral argument by *Mr. Gabel, Mr. Busby, Mr. Dineen,* and *Mr. Stauff.*

*Laurence C. Gram,* city attorney, for the respondent city of West Allis.

ROSENBERRY, C. J.    Ch. 416, Laws of 1935, is printed in the margin.[1]

Title XV of the statutes deals with "Public Health." Ch. 143, which is a part of Title XV, deals with "Communicable Diseases."    Prior to its amendment, sec. 143.05 (10) read as follows:

"Expenses for necessary nurses, medical attention, food and other articles needed for the comfort of the afflicted person, shall be a charge against him or whoever is liable for his support.    Indigent cases shall be cared for at municipal expense.    If he is a legal resident of another municipality of this state, the expense of care shall be paid by such municipality, or by the county where the county system for the care of the poor has been adopted, when a sworn statement of such

---

[1] AN ACT to amend subsection (10) of section 143.05 of the statutes, relating to care of indigent cases.

*The people of the State of Wisconsin, represented in senate and assembly, do enact as follows:*

Section 1.    Subsection (10) of Section 143.05 of the statutes is amended to read: (143.05) (10) Expenses for necessary nurses, medical attention, food and other articles needed for the comfort of the afflicted person, shall be . . . *charged* against him or whoever is liable for his support.    Indigent cases shall be cared for at municipal expense.    *In any county having a population of five hundred thousand or more, said county shall provide hospitalization and shall charge the cost thereof against the afflicted person or whoever is liable for his support, but the cost of indigent cases shall be charged to and paid by the municipality in which the communicable disease is suspected or diagnosed as such.*    If he is a legal resident of another municipality of this state, the expense of care shall be paid by such municipality, or by the county where the county system for the care of the poor has been adopted, when a sworn statement of such expense is sent to the proper officers within thirty days after quarantine. . . .

Section 2.    This act shall take effect upon passage and publication. Approved August 27, 1935.

expense is sent to the proper officers within thirty days after quarantine is removed. In counties having a population of two hundred fifty thousand or more the expense for indigents shall be paid by the municipality in which incurred." Sec. 143.05 (10), Stats. 1933.

The county and city of Milwaukee contend that ch. 416, Laws of 1935, is invalid because in conflict with two provisions of the constitution of the state of Wisconsin:

Sec. 18, art. IV: *"Private and local bills.* No . . . local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

Sec. 23, art. IV: *"Uniformity of town and county government.* The legislature shall establish but one system of town and county government, which shall be as nearly uniform as practicable."

We shall first consider whether ch. 416 is a "local bill." In considering this question, some attention must be given to our system of statutory enactment. By its terms ch. 416 was to become sec. 143.05 (10) of the statutes. We must therefore consider it in connection with the provisions of that chapter of which it is a part. As such it is a part of ch. 143, Stats., dealing with communicable diseases and clearly relates to the subject of communicable diseases, particularly, the care of indigents so afflicted. It provides that in counties having a population of five hundred thousand or more the county shall provide hospitalization, etc. We have no difficulty in coming to the conclusion that ch. 416 is a general law and not a local bill within the meaning of sec. 18, art. IV, of the constitution. *Milwaukee County v. Isenring* (1901), 109 Wis. 9, 19, 85 N. W. 131; *Monka v. State Conservation Comm.* (1930) 202 Wis. 39, 231 N. W. 273.

It is further held that the basis of classification is a proper and valid basis. *Johnson v. Milwaukee* (1894), 88 Wis. 383, 60 N. W. 270. The city and county of Milwaukee argue that ch. 416 is invalid for the reason that ch. 120, P. & L. Laws

of 1870, was held invalid in *Estate of Bulewicz* (1933), 212 Wis. 426, 249 N. W. 534. In that act the basis of classification was not population, but the act related to "the city and county of Milwaukee," clearly making it a local law.

The act being a general act and not a local bill, we are not required to consider the sufficiency of the title.

It is next urged that ch. 416, as applied to counties having a population of five hundred thousand or more, is so out of harmony with the system of county governments embraced by the law in other counties, that the law is not as nearly uniform as practicable, and therefore offends against sec. 23, of art. IV, of the constitution. Having in mind the fact that ch. 416 relates to and deals with the matter of communicable diseases, the situation of Milwaukee county is such that a uniform system of government is not practicable, at least it is within the province of the legislature to so declare. Plaintiff cites *Hjelming v. La Crosse County* (1926), 188 Wis. 581, 206 N. W. 885, which dealt with the constitutionality of an act of the legislature which authorized cities of the third class to exercise certain powers respecting the replacing and restoring of the banks of rivers. The court said: ·

"The classification here attempted is most unreasonable. It is based upon the fact that counties have within their borders cities of the third class. It authorizes such counties to make certain improvements in rivers for the purpose of promoting the public health. Why should counties having within their borders cities of the third class enjoy such powers while the same are denied to all other counties of the state? . . . The classification is purely arbitrary, and very strongly suggests that the law was passed for the purpose of meeting a particular situation. We do not think the reports of this court reveal a more flagrant disregard of the constitutional provision we are considering."

The situation in this case is fundamentally different. Twenty-five per cent of the state's poulation live within the borders

of Milwaukee county, fifty per cent of the industrial workers of the state live in Milwaukee county, the county contains one city of the first class, two cities of the third class, two cities of the fourth class, five villages, and seven towns. The total population of Milwaukee county, according to the 1930 census, was 725,263, of which the city of Milwaukee contains seventy-nine per cent and the remainder of the county twenty-one per cent. The boundaries of the various cities, villages, and towns shade into each other so that they are not perceptible to anyone not familiar with the locality. By mere inspection it is impossible to ascertain where one leaves off and the other begins. In regard to public health, therefore, it seems that Milwaukee county by reason of population is in a situation where it is impracticable to deal with the problem created by communicable diseases in the same way that it is practicable to deal with it in more remote and sparsely settled regions of the state. A like situation would exist in any other county of equal population. The contention of the county and city that the situation is controlled by *Hjelming v. La Crosse County, supra,* cannot be sustained.

Ch. 416 being a general law and not a local bill and not offending the constitutional provision in relation to uniformity of county and town government because the basis of classification is germane to the purpose of the act, it is a valid enactment and the trial court correctly so held.

*By the Court.*—Judgment affirmed.