The original relator, Alma Patek, commenced this action in mandamus against the Public School Teachers' Annuity and Retirement Fund Trustees of the City of Milwaukee and the city treasurer to compel said treasurer to increase her annual teacher's pension from $900 per year to $1,200 per year from and after June 23, 1931 (effective date of ch. 299, Laws of 1931), and to direct said board and city treasurer as custodian of the board's trust funds to pay warrants drawn at such increased annual rate.
Defendants (respondents here) moved to quash the alternative writ on several grounds. Among others, that the petition does not state facts sufficient to show that petitioner is entitled to the writ; that it appears upon the face of said petition that it does not allege facts sufficient to constitute a cause of action; that petitioner is not entitled to any annuity in excess of $900 per year because she retired as a teacher on June 30, 1929, and has not rendered any services as a public school teacher or in any other capacity in connection with the public schools of the city of Milwaukee since June 30, 1929; and that the provisions of ch. 299, Laws of 1931, amending par. (c) of sub. (12) of sec. *Page 387 
42.55 (effective from and after June 23, 1931), is inapplicable to the petitioner (and to other persons similarly situated).
The petition shows that Alma Patek, now deceased, was a teacher in the public schools of Milwaukee from September, 1884, to June 30, 1929, on which latter date she retired and thereupon made application for a pension or annuity under sec. 42.55 (12) (b) and (c), Stats. 1929, which was granted and paid to her at the rate of $900 a year to the time of the trial of this action. Miss Patek, up to the time of her death, had received an aggregate sum from the pension or annuity fund of $8,775. The petition further alleges that sec. 42.55 (12) (c), Stats., was amended by ch. 299, Laws of 1931, effective June 23, 1931, so as to make the maximum pension or annuity $1,200 instead of $900, and that because of said amendment, said petitioner became entitled to an annual pension or annuity from and after June 23, 1931, to the date of her death (on August 6, 1939) in the sum of $1,200 instead of the sum of $900.
After the action had been tried, but before the trial court had rendered its decision, petitioner died. On November 8, 1939, by order of the court, the action was revived by substituting the appellant executors as the relators and petitioners herein.
On December 12, 1939, judgment was entered vacating and quashing the alternative writ of mandamus, from which judgment, petitioners appeal.
The following opinion was filed May 7, 1940:
The first teachers' pension-fund act in Wisconsin was adopted in 1907 under which all teachers in the public school system in cities of the first class throughout the state were eligible (see ch. 453, Laws of 1907). Miss Patek had then been teaching in the public schools of Milwaukee for a period of twenty-three years (1884 to 1907). She joined the teachers' pension and retirement-fund plan in 1909. She was therefore a member of the pension plan and had contributed thereto for a period of twenty years at the time of her retirement. After her retirement she made no contributions to the pension fund. It is not necessary for the purposes of this case to make reference to the changes made in the teachers' retirement-pension fund from the time of the original act in 1907 down to the time of Miss Patek's retirement in June, 1929.
Sec. 42.55 (1), Stats. 1929, and subsequent subsections relate to cities of the first class (Milwaukee is the only city of that class in Wisconsin). Sec. 42.55 (12) (b), Stats. 1929, fixed a basic annuity of $600 and sub. (12) (c) provided that for every additional year of service over twenty-five years, a teacher entitled to an annuity shall be paid an additional sum of $20 a year, the total in no case to exceed the sum of $900 a year. The legislature, by ch. 299, Laws of 1931, amended sec. 42.55 (12) (c) to provide:
"For every additional year of service over twenty-five,a teacher, entitled to an annuity, . . . shall be paid an additional sum of forty dollars a year; . . . and in no case shall any pension or annuity exceed the sum of twelve hundred dollars a year."
On July 9, 1931, ch. 476, Laws of 1931, became effective. Sec. 7 thereof provides: *Page 389 
"The provisions of chapter 299, Laws of 1931, shall not be retrospective or retroactive with respect to the new matter therein contained, but shall apply and be available only to annuitants the first monthly payments of whose annuities are made after the effective date of said chapter."
Sec. 42.20, Stats. 1929, also said section of the statutes of 1931, defining the terms used in the Teachers' Retirement Act, defines the word "teacher" as meaning any personlegally or officially employed or engaged in teaching as a principal occupation. Appellants contend that under ch. 299, Laws of 1931, no distinction should be made between teachers who had theretofore retired and who were receiving annuities under sec. 42.55 (12) (b) and (c), Stats., prior to the amendment, and teachers, who at the time of the amendment, were in active service in the teaching profession, and who would thereafter retire. In this connection appellants argue that if Miss Patek did not come within the 1931 amendment, there would be no statute under which she would be entitled to continue to receive the lesser annuity which she had been receiving theretofore. We think it clear that Miss Patek's status as a retired teacher and her pension or annuity rights became fixed as of the date of her retirement on June 30, 1929, under the law as it then existed. We are of the opinion that the 1931 amendment applies only to teachers who were then in actual service, who, thereafter upon retirement, would be entitled to the benefits of the increase by reason of the amendment.
It should be noted that under sec. 42.55 (13), Stats. 1929, also Stats. 1931, it is provided that the annuities shall be computed from the first day of the month next following the date of retirement of the annuitant from teaching service in such city.
"The general rule is that statutes will not be given a retroactive effect unless the intent of the legislature that they shall have such effect clearly appears." Bell v. Bayfield *Page 390 County, 206 Wis. 297, 301, 239 N.W. 503; Filipkowskiv. Springfield F. M. Ins. Co. 206 Wis. 39, 42,238 N.W. 828; Estate of Pelishek, 216 Wis. 176, 180,256 N.W. 700; Blau v. Milwaukee, 232 Wis. 197, 285 N.W. 347,286 N.W. 874, 287 N.W. 594.
The amendment to sec. 42.55 (12) (c) by ch. 299, Laws of 1931, in no way indicates a legislative intent that it be retroactive or retrospective. However, in any event, sec. 7 of ch. 476, Laws of 1931, above quoted, limits the persons benefited by the 1931 amendment to those annuitants who retired after June 23, 1931, and received their first monthly annuity after that date.
In this connection appellants contend that their rights are in no way affected by the provisions of sec. 7 of ch. 476, Laws of 1931. They argue that said section is invalid because it violates secs. 18 and 31 of art. IV of the Wisconsin constitution and Rule 56 of the Senate Manual of 1931. They also contend that sec. 7 of ch. 476, Laws of 1931, is not a general law; that the title of the chapter embraces more than one subject and does not express the matter contained in sec. 7 thereof. Ch. 476, Laws of 1931, was an act to amend certain sections of the statutes for the purpose of correcting errors, reconciling conflicts, and supplying omissions. The title of the act makes no reference to ch. 299, Laws of 1931, nor does it make any reference to sec. 42.55, Stats., or any of the subsections thereof. Said chapter was known as Senate Bill No. 421, introduced in the senate on June 24, 1931, by the committee on judiciary. It was a revisor's bill. What is now sec. 7 was offered as an amendment to Senate Bill No. 421 on June 26, 1931. The amendment was adopted, the bill was duly passed, approved, and published. But sec. 7 is not found in the statutes of 1931 nor in any of the subsequent statutes.
All of ch. 476, Laws of 1931, is a public law. The Wisconsin constitution requires only that private or local *Page 391 
bills shall not embrace more than one subject and that subject shall be expressed in the title. Sec. 7 of ch. 476, Laws of 1931, applies to ch. 299, Laws of 1931, which is a general law of state-wide application. It is not special, private, or local merely because it applies only to teachers' pensions in cities of the first class. It is within the power of the legislature to classify cities into four classes and enact legislation applicable only to the various classes of the cities without such enactments becoming special, private, or local laws. Milwaukee County v. City of Milwaukee, 223 Wis. 674,271 N.W. 399.
We hold that sec. 7 of ch. 476, Laws of 1931, violates no constitutional provision and is valid. The fact that sec. 7 has not been printed in the statutes has no effect upon the validity of the law. It would be a great convenience to the bench and bar of the state if all laws duly enacted were printed in the statutes in the chapters relating to the subject matter of the legislation.
By the Court. — Judgment affirmed.
A motion for a rehearing was denied, with $25 costs, on June 24, 1940.