Barlow, J.
 

 The case comes to this court on a certificate of the circuit judge for Sheboygan county, dated April 19,
 
 *474
 
 1944, certifying the following question to this court, under sec. 358.08, Stats.: “Is sec. 66.05 (10) (hm), Stats. 1943, unconstitutional as applied to the defendant herein?
 
 ”
 

 The facts were stipulated at the time of the trial, the material portions setting forth that the defendant Potokar was engaged in the tavern business in the town of Sheboygan, Sheboygan county, Wisconsin, on August 1, 1943; that he was the holder of a Class B retail malt-beverage license issued to him by the town Of Sheboygan on May 3, 1943, effective for one year from July 1,
 
 1943;
 
 that he did not have a liquor license; that his principal business was not that of a hotel or restaurant, and that he permitted his tavern to remain open until 1:50 a. m. on August 1, 1943; that the town of Sheboygan had no resolution or ordinance closing taverns at an hour earlier than that provided by statute.
 

 Prior to the passage of ch. 473, Laws of 1943, creating sec. 66.05 (10) (hm), Stats., there was no state law fixing-closing . hours for the retail sale of fermented malt beverages. Licensed places could remain open for business for twenty-four hours of the day if they so desired unless the municipality fixed an hour for closing, which it had a right to do. Taverns with Class B retail liquor licenses, prior to the passage of ch. 47, Laws of 1943, were prohibited from selling liquor between 1 a. m. and 8 a.,m., but they could remain open after 1 a. m. and sell malt
 
 beverages;
 
 they could continue to carry on their business under Class B retail malt-beverage license after 1 a. m. but were prohibited from selling-liquor in the same tavern after that hour. No Class B retail liquor license could be issued to any person who^ did not have a Class B retail malt-beverage license. Sec. 176.05 (10) (b). Ch. 473, Laws of 1943, creating sec. 66.05 (10) (hm), was published July 9, 1943, and provides as follows:
 

 “66.0’5 (10) (hm) 1. In any county having a population of less than five hundred thousand no premises for which a retail Class ‘B’ license has been issued shall be per
 
 *475
 
 mitted to remain open between 1 a. m. and 8 a. m. or on any election day until after the polls of such election are closed.
 

 “2. Hotels and restaurants whose principal business is the furnishing of food or lodging to patrons shall be permitted to remain open for the conduct of their regular business but shall not be permitted to sell fermented malt beverages during the hours mentioned in subdivision 1 of this paragraph.
 

 “3. This paragraph (hm) shall not prevent or interfere with any town, village or city to require by ordinance or resolution the closing of such taverns at an hour earlier than provided herein.”
 

 Ch. 47, Laws of 1943, was published April IS, 1943, and provides as follows:
 

 “An act to amend 176.06 (3) and (4) and to create 176.06 (6) of the statutes, relating to the closing hours of taverns in counties of a population of five hundred thousand or more.
 

 “The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:
 

 “Section 1. 176.06 (3) and (4) of the statutes is amended to read:
 

 “176.06 (3) If a retail ‘Class B’ license, in any county of a population of less than five hundred thousand, between 1 a. m. and 8 a. m.
 

 “(4) On any election day as provided in section 176.34, except as provided in subsection (6) (d).
 

 “Section 2. 176.06 (6) of the statutes is created to’ read:
 

 “176.06 (6) In any county having a population of five hundred thousand or more, if a retail ‘Class B’ license, the closing hours, during which no patron or guest shall be permitted to enter or remain in the licensed premises except as provided in paragraph (e), shall be as follows :
 

 “(a) On Sunday, between 3:30 a. m. and 10 a. m.
 

 “ (b) On week days, between 2 a. m. and 6 a. m.
 

 “(c) On January 1 of each year, no closing.
 

 “(d) On any election day, during such hours as the polls may be open.
 

 “(e) Hotels and restaurants whose principal business is the furnishing of food or drinks, as prescribed in section 176.05 (10), or lodging to patrons shall be permitted to remain open for the conduct of their regular business but shall
 
 *476
 
 not be permitted to sell intoxicating liquors or any malt beverages during the hours prohibited in paragraphs (a), (b) and (d).”
 

 The effect of the enactment of the above chapter is to require all retail Class B malt-beverage licensees in counties of less than five hundred thousand population to close between the' hours of 1 a. m. and 8 a. m. for all purposes, while in counties of more than five hundred thousand population there'are no closing hours for the same class of licensees. Class B retail liquor licensees in counties of more than five hundred thousand population must close their business for all purposes between 2 a. m. and 6 a. m. on week days and between 3 :30 a. m. and 10 a. m. on Sunday. There is no closing on New Year’s Day. All Class B retail liquor licensees in counties of less than five hundred thousand population must close for all purposes between 1 a. m. and 8 a. m.
 

 Defendant concedes that the state, under its police power, has a right to make reasonable regulations for the sale of intoxicating liquor or malt beverages. No attack is made upon the reasonableness of the closing hours established in counties of less than five hundred thousand population, nor is there any question raised as to the reasonableness of the closing hours provided for counties of more than five hundred thousand population.
 

 The defendant claims that ch. 473, Laws of 1943, is unconstitutional and void because it is class legislation, discriminatory, and fails to afford equal protection of laws and deprives him of property without due process of law, contrary to the provisions of sec. 1 of the Fourteenth amendment to the United States constitution and sec. 1, art. I, of the Wisconsin constitution. It is argued that licensees in Milwaukee county, being the only county in the state with more than five hundred thousand population, are granted rights that are denied to like licensees throughout the balance of the state,
 
 *477
 
 thus depriving them of their constitutional right. It is contended that there is no valid distinction between Class B licensees in Milwaukee county and like licensees in the remainder of the state, and that the legislature therefore had no constitutional authority to create the classification in question.
 

 Throughout the argument of counsel, both in briefs and upon oral argument, the fact that the law discriminates between persons was relied upon to sustain this contention. This argument entirely overlooks the fact that the classification contained in chs. 47 and 473, Laws of 1943, is not based upon business or occupation but upon territory. No one claims that all persons living in counties having a population of five hundred thousand or more are not treated alike, nor is any claim made that persons residing in counties having a population of less than five hundred thousand are not treated alike. This makes clear that the basis of classification is territory. Therefore the specific question is, Can the classification, based as it is upon territory, be sustained? A classification of counties rests upon the same legal basis as does a classification of cities.
 

 The basis of classification is stated in
 
 State ex rel. Ford Hopkins Co. v. Mayor
 
 (1937), 226 Wis. 215, 222, 276 N. W. 311, as follows:
 

 “(1) All classification must be based upon substantial distinctions which make one class really different from another.
 

 “(2) The classification adopted must be germane to the purpose of the law.
 

 “(3) The classification must not be based upon existing circumstances only.
 

 “(4) To' whatever class a law may apply, it must apply equally to each member thereof.
 

 “(5) That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.”
 

 
 *478
 
 The wisdom and advisability of the laws in question are not matters for our consideration. These questions have been determined by the legislature. The question of classification is primarily for the legislature, both as to need and basis, as was said in
 
 Servonitz v. State
 
 (1907), 133 Wis. 231, 239, 113 N. W. 277:
 

 “In considering the subject we must bear in mind that the policy of classification is a matter wholly within legislative discretion, and that whether there is room for the classification made in any given case is primarily a legislative question and can never become a judicial one except for the purpose of determining, in any given situation, whether legislative action passed the boundaries of reason, reasonable doubts to be resolved in the negative.”
 

 It is considered that within the rule laid down in
 
 Milwaukee County v. City of Milwaukee
 
 (1937), 223 Wis. 674, 271 N. W. 399, the classification made by the legislature is valid for the reasons there stated.
 

 Numerous classifications have been recognized for the purpose of regulating malt-beverage and liquor traffic.
 
 Zodrow v. State
 
 (1913), 154 Wis. 551, 143 N. W. 693;
 
 State v. Johnson,
 
 86 Minn. 121, 90 N. W. 161, 90 N. W. 1133;
 
 Gordon v. State,
 
 46 Ohio St. 607, 6 L. R. A. 749, 23 N. E. 63;
 
 State v. Stovall,
 
 103 N. C. 416, 8 S. E. 900;
 
 Weinberg v. Kluchesky
 
 (1940), 236 Wis. 99, 294 N. W. 530. The legislature has placed a densely populated county in a class separate from other counties of the state. Although there are other important industrial areas in the state, dairying and agriculture dominate that part of the state lying outside of Milwaukee county. This being true, it must be recognized that hours of employment, time for recreation and social activities vary materially in the two types of communities, creating conditions that may well require different type of regulation. The act being applicable to but two sections of the state,
 
 *479
 
 all persons within each district being treated alike and there being substantial reasons for the classification, the laws as amended by chs. 47 and 473, Laws of 1943, are valid and constitutional.
 

 By the Court.
 
 — The question certified to this court is answered “No.”