DENNIS E. KENEALY, Corporation Counsel, Ozaukee County
You have requested my opinion on the constitutionality of section 84.013 (7)(a), Stats., which was created by 1983 Wisconsin Act 27, section 1328m. 1983 Wisconsin Act 27 was an omnibus bill bearing the title "An act to amend and revise
chapter 20 of the statutes, and to make diverse other changes in the statutes, relating to state finances and appropriations, constituting the executive budget bill of the 1983 legislature, and making appropriations." Section 84.013 (7)(a) reads:
 No state or federal funds appropriated for the department [of transportation] may be expended for any highway construction, reconstruction or reconditioning which results in additional lanes on I 43 between Bender road and the north Ozaukee county line in Milwaukee and Ozaukee counties.
The specific question you pose is whether this legislative enactment complies with Wisconsin Constitution article IV, section 18 which provides: "No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."
Legislative acts enjoy the benefit of a presumption of constitutionality, and persons attacking that presumption must prove the law to be unconstitutional beyond any reasonable doubt. State v. McCoy, 143 Wis.2d 274, 285, 421 N.W.2d 107
(1988). With this standard in mind, I conclude that section84.013 (7)(a) is constitutional. *Page 44 
The Wisconsin Supreme Court has formulated a two-part test for determining whether a legislative enactment is a private or local act coming within the purview of Wisconsin Constitution article IV, section 18. In Milwaukee Brewers v. DH SS,130 Wis.2d 79, 115, 387 N.W.2d 254 (1986), Justice Bablitch, speaking for the majority of a divided court, said:
 [W]e hold that a legislative provision which is specific to any person, place or thing is a private or local law within the meaning of art. IV, sec. 18, unless: 1) the general subject matter of the provision relates to a state responsibility of statewide dimension; and 2) its enactment will have direct and immediate effect on a specific statewide concern or interest.
The Brewers decision concluded that the legislation under consideration, which directed the Department of Health and Social Services to site a prison in the Menomonee Valley in the City of Milwaukee, met both tests. I believe that this legislation prohibiting the construction of a major highway improvement also meets both tests.
The highway, I-43, is the major connecting link between Milwaukee and Green Bay. Building a third lane in the proposed corridor would immediately improve the speed and efficiency of vehicular traffic between Green Bay, Manitowoc, Sheboygan, Port Washington and Milwaukee. The construction of over thirty-two miles of an additional lane, both north and south, would directly affect the major cities on the eastern shore.
The legislative decision not to improve this major highway will have equally significant effects. Increasing traffic volumes and delays in the northern part of the metropolitan Milwaukee area will force different patterns of development in southeastern Wisconsin. Increased volume and delays in the I-43 corridor may also encourage traffic diversion and business development into the Fox Valley along U.S. Highway 41. While specific consequences may be difficult to predict, the effects will clearly be of statewide interest and concern. *Page 45 
I believe that the decision not to build a major highway project in the most heavily populated area of the state has as much, if not more, statewide interest and is of more statewide concern than the location of a prison. In reaching this conclusion I am mindful of the court's decision in Soo Line R. Co. v.Transportation Dept., 101 Wis.2d 64, 303 N.W.2d 626 (1981). In that case the court found that a budget provision prohibiting the construction of a railroad overpass in Prentice was unconstitutional because it did not have an immediate effect on a statewide concern. In Brewers the court pointed out that a general concern for highway safety would be insufficient to justify including a geographically specific piece of legislation in a budget bill. In these two cases the court has made it clear that transportation projects, while clearly a state responsibility of statewide dimension, are somewhat suspect.
In spite of this higher standard I believe that the prohibition of such a major project has the requisite immediate and statewide impact required by the court's decision in Brewers. In this regard it is similar to the control of net fishing on Lake Michigan that the court approved in Monka v. State Conservation Comm.,202 Wis. 39, 231 N.W. 273 (1930). The Monka decision was cited with authority by the court in Brewers. (Brewers, at 111.)
The test announced by Justice Bablitch in Brewers is fact based. If a local project is large enough and important enough to have statewide impact, it will come to the specific attention of the Legislature, even if it is included in a budget bill. This legislative attention is the basis of the constitutional requirement of specific action on local bills. Milwaukee County v. Isenringand others, 109 Wis. 9, 85 N.W. 131 (1901). I believe that the facts in this case, the size and location of the prohibited project, are sufficient to conclude that the Legislature would have been aware of its inclusion in the budget bill. I believe that this statute meets the test that the court established in Brewers.
DJH:JLH *Page 46