BLAU, Appellant, vs. CITY OF MILWAUKEE and others, Re-
spondents. [Ten cases.]

*March 9—September 12, 1939.*

For the appellants there were briefs by *Hannan, Johnson & Goldschmidt,* attorneys, and *Martin R. Paulsen* of counsel, all of Milwaukee, and oral argument by *Mr. Paulsen* and *Mr. William F. Hannan.*

For the respondents there were briefs by *Walter J. Mattison,* city attorney, and *Omar T. McMahon* and *Mathias*

*Schimenz,* assistant city attorneys, and oral argument by *Mr. McMahon* and *Mr. Schimenz.*

The following opinion was filed April 11, 1939:

MARTIN, J. A full statement of the facts found by the trial court in each of these ten actions will serve no useful purpose. The facts are substantially alike in each case. The rights, status, and legal relations of each appellant as a teacher in the public schools of the city of Milwaukee are ruled by the decision of this court in *State ex rel. Schroeder v. Board School Directors,* 225 Wis. 444, 453, 274 N. W. 301, unless the amendments of 1935 (chs. 53 and 312, Laws of 1935) compel a different conclusion. In the *Schroeder Case* the court had occasion to consider the rights and status of Mrs. Schroeder as a substitute teacher and as a probationary teacher in the public schools of the city of Milwaukee under the law as then in force and the rules and regulations of the board of school directors. The Schroeder action (*mandamus*) was commenced September 16, 1935, to compel the board of school directors to place her in the position of teacher in the public schools, she having been discharged as a teacher on February 4, 1935. In her petition she alleged her qualifications as a teacher; that she had upwards of three years' service as a teacher in the schools of Milwaukee, which she claimed entitled her to be placed on the school pay roll, and entitled her to permanent tenure under the statutes applicable to contracts of employment, but it appeared that she had served from September 9, 1931, to September 5, 1934, as a "substitute teacher;" that such services were arranged for by the superintendent of schools in accordance with the provisions of law and the rules and regulations of the board of school directors. The trial court held that the original employment in 1931 was a legal employment as a teacher, and constituted an election or appointment as a teacher on and after September 9, 1931; and that having taught three years,

on January 2, 1934, she completed a successful probation period, and her appointment became permanent during efficiency and good behavior. The trial court granted a peremptory writ of *mandamus* as prayed for, with damages and costs. On appeal, this court reversed the judgment with directions to deny the peremptory writ and dismiss the petition. This court said:

"The contention that her three years of teaching under circumstances which all assumed was as a substitute teacher, and in the absence of any election or appointment by the board, constituted in fact the period of probation cannot be sustained because petitioner's name was never before the school board for consideration until its meeting on October 2, 1934."

Sec. 42.55 (18), Stats., provides:

"All elections or appointments of teachers in such cities shall be on probation, and after successful probation for three years, the election or appointment shall be permanent. . . ."

It appears that in the instant cases all appellants were appointed as probation teachers in the statutory manner, on December 3, 1935, excepting Miss Gutsch, who received her first statutory probation appointment on February 4, 1936. It further appears that under the rules and regulations applicable to the public schools in the city of Milwaukee during the period of employment of the appellants as substitute teachers, they received a per-diem compensation. After their appointment as probation teachers they received the regular schedule salary fixed by the school board for teachers of their status. The trial court found that appellants were not entitled to a higher status than that accorded them by the defendant school board; that they have been denied no rights, privileges, or status, taking into consideration their qualifications and teaching experience, and that they were not entitled to any additional compensation.

All the rules and regulations adopted by the board of school directors of the city of Milwaukee and in force during the period of appellants' employment were before this court in the *Schroeder Case, supra.* In that case, reference is made to the three designations applied to teachers engaged in the public schools of Milwaukee. They are designated as: (1) Substitute teachers; (2) probationary teachers; and (3) permanent teachers.

Sec. 42.55 (19), Stats., defines "teacher" as follows:

"The term 'teacher' in this section shall include all superintendents, principals, supervisors, welfare workers, truant and attendance officers, and *regular* instructors employed in the public schools of such cities. . . ."

The period of substitute teaching does not count as a part of the three-year period of probation teaching provided for in sec. 42.55 (18), Stats. *State ex rel. Schroeder v. Board School Directors, supra; State ex rel. Schmidtkunz v. Webb,* 230 Wis. 390, 284 N. W. 6, 10.

The appellants contend that chs. 53 and 312, Laws of 1935, confer upon them:

(1) Pension and annuity rights;

(2) Tenure rights;

(3) The right to be paid in accordance with a salary schedule established by the board.

It will be noted that the title to ch. 53, Laws of 1935, is as follows: "An act to create section 42.57 of the statutes, *relating to teachers' annuity and retirement fund in cities of the first class.*" The title to ch. 312, Laws of 1935, is as follows: "An act to create paragraph (d) of subsection (1) and paragraph (c) of subsection (4) of section 42.57 of the statutes, clarifying and rendering unambiguous the provisions of chapter 53, Laws of 1935, *relating to teachers' annuity and retirement fund in cities of the first class.*" Ch. 53 became effective May 2, 1935. Ch. 312 became effective August 1, 1935. Ch. 53, Laws of 1935, created

sec. 42.57 (1) (a), (b), and (c), (2) (a) and (b), (3) (a), (b), and (c), (4) (a) and (b), and (5), Stats. Sub. (1) (a) provides:

"Any teacher employed *regularly* and *continuously* for three or more school years in teaching service in a public school or school system to which section 42.55 is applicable in any city of the first class, who, at the time this section takes effect in any such city, shall not have come under the provisions of section 42.55, may file with the secretary of the managing body of the public schools in such city a written application and consent, subscribed by such teacher, to come under the provisions of section 42.55 in the manner and upon the conditions prescribed in this section. Each such written application and consent shall be filed with such secretary on or before the first day of November in the year next following the year in which this section takes effect in any such city and any such teacher, hereinbefore mentioned, who fails to file such written application and consent within the time prescribed in this paragraph shall be barred forever from coming under the provisions of section 42.55."

Par. (b) of sub. (1) of sec. 42.57, Stats., provides that each teacher who files the written application and consent mentioned in par. (a) shall at the same time file with such secretary a written statement, subscribed by such teacher, setting forth the total number of years of teaching service of such teacher in public schools outside a school or school system to which sec. 42.55 applies, and the place where and the years in which such outside teaching service was performed, for which outside teaching service such teacher claims credit in the computation of any *annuity* payable under the provisions of sec. 42.55; and par. (c) of sub. (1) of sec. 42.57, in substance, provides that within thirty days after the filing of any such written application and consent mentioned in par. (a) of this subsection, such secretary shall transmit written notice thereof to the board of trustees mentioned in sub. (2) of sec. 42.55, together with the written statement required to be filed under the provisions of par. (b) of said

sub. (1) of sec. 42.57, also a written statement setting forth the total number of years of teaching service of such teacher in public schools to which sec. 42.55 applies, as shown by the records of the managing body of the school in such city. Sub. (2) (a) of sec. 42.57, Stats., provides:

"Filing of the written application and consent and the statement of outside teaching service mentioned in subsection (1) of this section by any such teacher within the time specified in paragraph (a) of said subsection (1), *shall extend to such teacher the rights and benefits conferred by section 42.55* and, in the case of any such teacher who heretofore has come under the provisions of section 925—xx of the statutes of 1919, shall operate as a substitution by such teacher of the provisions of section 42.55 in lieu of the provisions of said section 925—xx."

Sub. (2) (b) of sec. 42.57, Stats., requires the school board to retain from the salaries of those teachers coming into the fund the monthly salary reservation of $4 for the first ten years, $6 for the next five years, and thereafter $8 as provided in sec. 42.55 (11) (b). Subs. (3) (a), (b), and (c), (4) (a) and (b), and (5) provide that teachers coming under the act before September 1, 1940, shall pay the prior teaching service arrearage monthly assessments with interest at the time specified, and provide for the payment to such teachers upon retirement or withdrawals, of the annuities, pensions, and refunds, pursuant to sec. 42.55.

Sec. 42.57 (1) (d), Stats., provides as follows:

"The period of continuous teaching service of any teacher mentioned in paragraph (a) of this subsection shall not be construed or deemed to be or to have been interrupted or broken by reason of any temporary cessation or suspension of any class or teaching work in any such school or school system, or by regular vacation periods or holidays or by transfer or assignment from one position or school to another within such school system. Each such teacher, however designated or classified, who teaches or has taught continuously for a period equal to three or more school years in any such school or school system shall be deemed to have been

regularly employed therein during such period and shall be deemed to and shall possess all the rights, privileges and status of a regularly or formally appointed teacher in the public schools of such city from and after the commencement of such employment."

Sec. 42.57 (4) (c), Stats., provides:

"The first days of March and September in each year shall be the dates of payment mentioned in paragraph (b) of this subsection for the payment of arrearages and interest. Any such arrearages and interest not paid on any such date of payment shall bear interest computed as provided in said paragraph (b), until the next succeeding date of payment."

The trial court held that chs. 53 and 312, Laws of 1935, made substitute teachers eligible to teachers' pension-fund membership. The membership of substitute teachers is merely optional. Among other conclusions of law, the trial court found:

"That chapters 53 and 312, Laws of 1935, as properly construed and applied to plaintiff [applicable to all appellants] grant to her [appellants] only eligibility to membership in the public school teachers' annuity and retirement fund system created and maintained by section 42.55, W. S.; and the provisions of said 1935 amendments grant to plaintiff [applicable to all appellants] no rights, privileges, or status, or salary, or salary increases other than those accorded to plaintiff [appellants] by the defendant school board as disclosed by the evidence in this case; that the rights, privileges, and status mentioned in said 1935 amendments relate only to pension rights, privileges, and status, and not to salaries, salary increases, or promotions."

We think the trial court's findings and conclusions are correct, fully sustained by the evidence, and strictly in accord with the legislative intent as expressed in the titles to chs. 53 and 312, Laws of 1935. To sustain appellants' contention, we would have to hold:

(1) That all appellants had completed the statutory three-year period of probationary teaching prior to their appointment by the school board;

(2) That substitute teaching under appointment by the superintendent of schools on a per-diem basis over a period of three years gave appellants permanent tenure during efficiency and good behavior, immediately upon their appointment by the school board;

(3) That it was the legislative intent, in the enactment of chs. 53 and 312, Laws of 1935, to deprive the school board of its statutory right of determining during a period of three years following its appointment of the appellants, whether they should be continued in the service.

We cannot so hold.

As to the evidentiary facts found by the trial court, there is little if any dispute as to such facts. We are in accord with the court's interpretation and application of chs. 53 and 312, Laws of 1935. There are some additional legal questions discussed in the briefs of counsel which we need not consider in view of the conclusions indicated. The judgment in each action must be affirmed.

*By the Court.*—The respective judgments in the ten separate actions are affirmed.

The following opinion was filed June 30, 1939:

MARTIN, J. (*on motion for rehearing*). Appellants have moved for a rehearing in the above-entitled actions, and, in connection therewith, they further move that:

"In the event such motion for rehearing is denied, and only in such event, appellants move for an order amending and modifying the mandate of the court entered herein on April 11, 1939, such amendment and modification to contain directions to the trial court to ascertain and find the correct date of the commencement of the continuous teaching service of each plaintiff as a so-called 'substitute' teacher and to give credit to each such plaintiff, for pension eligibility purposes, for all continuous teaching service from the date so ascertained and found."

The trial court held, and so provided in the judgment entered in each of the aforesaid actions, that chs. 53 and 312,

Laws of 1935, properly construed and applied to the plaintiffs, granted them only eligibility to membership in the public school teachers' annuity and retirement fund system from the date of the enactment of such chapters. We heretofore affirmed said judgments. Appellants now contend that said chs. 53 and 312, Laws of 1935 were intended to operate retrospectively.

"It is one of the fundamental rules of construction that legislation must be considered as addressed to the future, not to the past. This rule will always be followed except in cases of remedial statutes, or where there is something on the face of the enactment putting it beyond doubt that the legislature intended it to operate retrospectively." *Filipkowski v. Springfield F. & M. Ins. Co.* 206 Wis. 39, 42, 238 N. W. 828, and cases cited.

Since the purpose of chs. 53 and 312, Laws of 1935, was to grant plaintiffs only eligibility to membership in the public school teachers' annuity and retirement fund system, specifying the terms and conditions under which they might obtain membership and receive credit for their teaching services while regularly and continuously employed as substitute teachers, would indicate a legislative intent that chs. 53 and 312, Laws of 1935, should operate retrospectively.

The findings made by the trial court in each case find the date of the commencement of the continuous teaching service of each plaintiff and cover the whole period of their substitute teaching. These findings are sustained by the evidence and cannot now be disturbed. The appellants' motion for a rehearing in each case is denied. The mandate heretofore filed will be modified so as to accord plaintiffs eligibility to membership in the public school teachers' annuity and retirement fund system, allowing them credit for the years of substitute teaching upon their complying with all statutory conditions, and making such payments as would have accrued during the period of their substitute teaching, together with such amount of interest as will have accrued to the date of such payments.

*By the Court.*—Judgments modified as indicated in the opinion and, as so modified, affirmed. No costs to be taxed on appellants' motions.

The following opinion was filed September 19, 1939:

MARTIN, J. (*on motion to review motion for rehearing and motion for modification of mandate*). Original opinion filed April 11, 1939. Opinion on motion for rehearing filed June 30, 1939. On July 19, 1939, appellants filed motions to review motions for rehearing and motions for modification of mandate. This court will not entertain more than one motion for a rehearing, whether the case is disposed of on such a motion by changing the mandate or on a rehearing granted. *Weinhagen v. Hayes,* 174 Wis. 233, 178 N. W. 780, 183 N. W. 162, 187 N. W. 756; *Miller v. Paine Lumber Co.* 202 Wis. 77, 227 N. W. 933, 230 N. W. 702; *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 208 Wis. 30, 238 N. W. 287, 242 N. W. 677, 243 N. W. 208. The respective motions are denied without costs.

Upon the motions for rehearing the court said:

"The findings made by the trial court in each case find the date of the commencement of the continuous teaching service of each plaintiff and cover the whole period of their substitute teaching."

Appellants seem to have some misapprehension as to the intent and legal effect of the above-quoted language in view of the fact that we did not disturb the findings as made by the trial court. The findings specifically cover the periods of the substitute teaching by each appellant preceding the respective periods of continuous teaching by each appellant. Each is entitled to include the whole period of his substitute teaching service in determining his rights and status in relation to the teachers' annuity and retirement funds.

The trial court found that appellant Blau commenced teaching as a substitute teacher in September, 1928; that appellant Rechner commenced teaching as a substitute teacher

in September, 1930; that appellant Leonard commenced teaching as a substitute teacher in September, 1928; that appellant Buxbaum commenced teaching as a substitute teacher in 1929; that appellant Fitzgerald commenced teaching as a substitute teacher in September 1928; that appellant Gutsch commenced teaching as a substitute teacher in February, 1930; that appellant Hamilton commenced teaching as a substitute teacher in the fall of 1927; that appellant Heyer commenced teaching as a substitute teacher in the fall of 1928; that the appellant Shannon commenced teaching as a substitute teacher in the fall of 1927; that appellant Dickinson commenced teaching as a substitute teacher in the fall of 1930. The finding in each case sets forth the exact number of days during each school year that each appellant taught as a substitute teacher in the different public schools in the city of Milwaukee with the exception of some absences due to illness and excepting the period of thirty and one-half days during the school year 1934–35 during which the schools were closed because of a scarlet-fever epidemic.

By reference to the specific findings in each case there should be no difficulty in computing the period of substitute teaching for which the respective appellants are entitled to credit in determining their eligibility to membership in the public school teachers' annuity and retirement fund system, allowing them credit for the years of substitute teaching upon their complying with all statutory conditions and making such payments as would have accrued during the period of their substitute teaching, together with such amount of interest as will have accrued to the date of such payments.

The trial court having specifically found the number of days that each appellant taught as a substitute teacher after the commencement of his substitute teaching, the finding in each case as to the commencement of the continuous teaching service is more in the nature of a conclusion of law than it is of a finding of fact.