CITY OF EDGERTON and Edgerton Sand & Gravel, Inc., Plaintiffs-Respondents,

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant-Appellant-Petitioner,

WISCONSIN INSURANCE SECURITY FUND, Defendant,

AETNA CASUALTY & SURETY COMPANY, Defendant-Co-Appellant-Petitioner,

HANOVER INSURANCE COMPANIES, Wausau Insurance Companies and Local Government Property Insurance Fund, Defendants.

Supreme Court

*No. 91–1408. Filed February 23, 1995.*

(Also reported in 527 N.W.2d 305.)

511

512

HEFFERNAN, CHIEF JUSTICE. We dismiss the motion of Edgerton Sand & Gravel, Inc. (ES&G) to vacate this court's decision of June 16, 1994 or, alternatively, for a rehearing in the matter. To the extent the motion seeks a second reconsideration, this court does not reconsider denials of reconsiderations. In addition, the motion must be dismissed because we conclude that the movant, ES&G, on multiple occasions, waived whatever objections it might have had to the participation of one of the justices in the court's decision.

Nevertheless, because the movant has questioned the integrity of a justice of this court and hence the integrity of a decision of the court, we address the movant's claim and conclude that the motion of ES&G is meritless.[1] The court does not ordinarily exercise

---

[1] It should be noted that on the date the instant motion was filed, the movant submitted a copy of a consent to the substitution of ES&G's president, who is a member of the Wisconsin bar,

any jurisdiction after the remittitur of the judgment, opinion and the record to the circuit court. *Ott v. Boring,* 131 Wis. 472, 110 N.W. 824 (1907). However, this court has held that the *Ott* rule is inapplicable when it is asserted, as here, that the court's decision is void because a justice should not have participated in the case. *State v. American TV & Appliance,* 151 Wis. 2d 175, 181, 443 N.W.2d 662 (1989). It behooves the court in the defense of its own legitimacy and of its integrity to consider such claims.

The movant, ES&G, was a plaintiff in the action seeking a declaration that it was afforded insurance coverage for the defense of administrative proceedings it considered to be the equivalent of a suit at law. By decision of June 16, 1994, a divided court (four-three) held against the plaintiffs, the author of this opinion on the motion for vacatur or rehearing being one of the minority.

On July 5, 1994, ES&G moved for reconsideration, contending that the court had misapprehended controlling law. The motion was based on the assertion that the court's decision was contrary to the intent of the United States Congress as determined by a recent decision of the United States Supreme Court, *Key Tronic Corp. v. The United States,* — U.S. —, 114 S.Ct. 1960 (1994). ES&G also claimed that this court erred when it concluded that, under the terms of its insurance policy, the administrative proceedings involving ES&G were not reasonably to be construed as synonymous with a "suit."

---

for the attorneys who had appeared on its behalf in the review and on the motion for reconsideration. That consent was directed to the circuit court in which the underlying action originated. The instant motion was filed by ES&G's substituted counsel.

Those legal assertions and a request to supplement the record were the sole bases for ES&G's reconsideration motion, notwithstanding that Kenosha Auto Transport (KAT) and two others, who had sought amicus status in the reconsideration, requested permission to file a motion and brief asking that the decision be vacated or that Justice Janine P. Geske be disqualified from the reconsideration. Although KAT's proposed motion and brief had been served on all parties, including ES&G, neither ES&G nor any other party joined in KAT's challenge or asserted Justice Geske's disqualification as ground for reconsideration or vacatur. KAT's motion to file an amicus brief was denied and its request to move for Justice Geske's disqualification was dismissed on September 15, 1994. ES&G's motion for reconsideration was denied on October 25, 1994, and the record was remitted to the circuit court on November 17, 1994.

On November 29, 1994, one year after oral argument, more than two months after KAT's request was denied and almost a month and one-half after ES&G's reconsideration motion was denied, ES&G filed the present motion, asserting that Justice Geske was disqualified under sec. 757.19(2) and (3), Stats.,[2] from

---

[2] **757.19    Disqualification of judge.**

. . .

(2)    Any judge shall disqualify himself or herself from any civil or criminal action or proceeding when one of the following situations occurs:

(a)    When a judge is related to any party or counsel thereto or their spouses within the 3rd degree of kinship.

(b)    When a judge is a party or a material witness, except that a judge need not disqualify himself or herself if the judge determines that any pleading purporting to make him or her a party is false, sham or frivolous.

(c)    When a judge previously acted as counsel to any party in the same action or proceeding.

participating in the original decision and asking for the vacation of the decision of June 16, 1994, or, in the alternative, for rehearing without the participation of Justice Geske. It is clear that ES&G previously waived any objection it might have had to Justice Geske's participation. We dismiss the motion for this reason, but we point out that, even if the disqualification issue had been raised timely on reconsideration, it would have been determined to be without merit.

We set forth the significant facts. The case was argued to the court on Monday, November 29, 1993. At the outset of the argument, shortly after counsel for one of the petitioners on review commenced his presentation, Justice Geske stated:

> I . . . want to make a disclosure. Last night when I was looking one more time at the amicus briefs, I noted that Mr. Burrell had filed an amicus brief on behalf of the Insurance Environmental Litigation Association, and I looked at the appendix and I noted that one of the companies listed in that is St. Paul Companies. My husband is employed by that company. I do not believe that presents any conflict and will not influence me. If anybody has any objections to me sitting on this case, I would

(d) When a judge prepared as counsel any legal instrument or paper whose validity or construction is at issue.

(e) When a judge of an appellate court previously handled the action or proceeding while judge of an inferior court.

(f) When a judge has a significant financial or personal interest in the outcome of the matter. Such interest does not occur solely by the judge being a member of a political or taxing body that is a party.

(g) When a judge determines that, for any reason, he or she cannot, or it appears he or she cannot, act in an impartial manner.

(3) Any disqualification that may occur under sub. (2) may be waived by agreement of all parties and the judge after full and complete disclosure on the record of the factors creating such disqualification.

appreciate hearing from you in letter by the end of the week.

Justice Geske's declaration in open court disclosed that her husband was an employee of a company that, while not a party to the litigation, was a member of an association that had submitted a nonparty amicus brief. No objection was raised by any of the parties at oral argument nor was any objection raised "by the end of the week." No objection to Justice Geske's participation whatsoever was raised until KAT, a nonparty, raised the question in the proposed amicus brief it tendered to the court on September 2, 1994.

The disqualification statute provides that any disqualification "may be waived by agreement of all parties and the judge after full and complete disclosure on the record of factors creating the disqualification." Section 757.19(3), Stats. It is significant to note that ES&G does not argue that the disclosure made by Justice Geske and the setting of a time limit to object or to waive objection to her participation was not a proper procedural framework for the waiver of disqualification. Rather, counsel for ES&G argues that the disclosure was not sufficient—that it did not constitute a "full and complete disclosure."

Wisconsin law, sec. 19.43, Stats., and the rules of this court, SCR 60.18, require members of the judiciary to file each year with the Ethics Board a statement of economic interests, including their assets and liabilities. As matters of public record, those statements are available for inspection by any interested person. A judge in a particular case who is aware of facts that may be relevant to the issue of his or her disqualification must disclose those facts to the parties for purposes of waiver under sec. 757.19(3), Stats. This is a

517

duty imposed on a judge by law. A party concerned about those facts should then, at a minimum, examine the judge's financial disclosure on record because information in those records may prompt further inquiry.

We conclude that under the circumstances of this case the disclosure made by Justice Geske was sufficient—that all the facts necessary for counsel to determine whether to assert or waive any disqualification were either disclosed or were readily obtainable of record prior to the "weekend deadline" suggested by Justice Geske. Following that disclosure, if ES&G had been concerned, it could have examined the financial disclosures Justice Geske had filed with the Ethics Board and if those disclosures did not satisfy ES&G in respect to Justice Geske's financial ties to St. Paul Companies, it could have asked for more information from her or could have advised her "by the end of the week" that it objected to her participation.

If ES&G's counsel examined the public record, it apparently did not deem the information in it sufficient to pursue the disqualification issue. Now, however, ES&G's substituted counsel asserts that Justice Geske's disqualification was required on the basis of inferences it makes from that information. Clearly, ES&G waived any possible disqualification by not acting by the "end of the week" and for one year following oral argument.

Even after the court's decision on June 16, 1994—after learning that Justice Geske was the scrivener for the court—ES&G's counsel did not raise the question of Justice Geske's qualification to sit but asserted in its reconsideration motion only that the court had failed to follow what counsel considered controlling law. Despite the fact that ES&G had been

served with a copy of KAT's proposed amicus motion and brief raising the disqualification issue, it did not join in KAT's motion or express to the court in its motion for reconsideration on the merits any position in respect to disqualification.

Hence, we conclude that on at least two discrete occasions ES&G's counsel failed to make any objection to Justice Geske's participation. These successive waivers in themselves bar ES&G from asserting its motion for vacatur at this time, months after it could have informed itself of the facts on which its motion is based and made any concern known to the court. The motion must be dismissed.

We could well rest our determination of the motion solely upon the absence of ES&G's timely assertion of its purported rights or we could, and do, base it also on the fact that there has been one reconsideration of the court's decision and we will not entertain a request for a second. *Blau v. City of Milwaukee,* 232 Wis. 197, 208, 285 N.W. 347, 286 N.W. 874, 287 N.W. 594 (1939). Nonetheless, when there is an attack upon the impartiality of the court or of one of its justices, we should determine whether such attack is meritorious or meretricious. We conclude that the instant assault upon this court by ES&G is the latter.

First, it must be noted that all of ES&G's arguments for disqualification hinge upon its persistent and unfounded assertion that St. Paul Companies is in essence a party to the action. It is not. The Insurance Environmental Litigation Association, of which St. Paul Companies is a member, filed a non-party amicus brief. St. Paul is not a party and Attorney Hogan is not its counsel in this case.

519

Second, ES&G overlooks the fact that the lacunae in information that it now asserts made Justice Geske's in-court disclosure defective was a matter of record at least since Justice Geske filed her Statement of Economic Interests with the Ethics Board, pursuant to sec. 19.43, Stats., on December 14, 1993.[3] That document, a public record, sets forth that Justice Geske's husband, Michael Hogan, was an attorney-employee for St. Paul Fire & Marine Company and that she and her immediate family owned a "savings plus program for St. Paul Fire & Marine—St. Paul stocks and mutual funds" of a combined value of more than $50,000. Further, contrary to ES&G's assertion that Justice Geske did not disclose that she and her husband had a financial interest in St. Paul's employee pension plan, her financial disclosure recites that one of the family assets is a retirement plan with St. Paul Fire & Marine. (Addendum to Statement of Economic Interest filed on December 14, 1993.)[4] Had there been any real concern over the Geske-Hogan holdings in St. Paul Insurance Company following the in-court disclosure, ES&G had every opportunity to assert it. It did not.

---

[3] ES&G appended a copy of that statement to its brief in support of the instant motion.

[4] It should be noted that counsel for ES&G repeatedly refers to the precedent of federal court decisions as being dispositive in this court. Under federal statutes, any financial interest, no matter how insignificant, or factually irrelevant, may be a basis for disqualification. 28 U.S.C. A. sec. 455(b)(4) and (d)(4).

That is not the law of the State of Wisconsin, which requires disqualification only if there is a "significant financial or personal interest." It is not asserted that the interest of the Justice or her family is significant. The complaint of ES&G is that it lacks the information needed to assert that the interest is significant.

It is also alleged that Justice Geske did not disclose that St. Paul had a significant interest in the litigation. Once Justice Geske announced that Attorney Hogan was employed by St. Paul, the parties, including ES&G, were in a position to ascertain whether St. Paul's interest was significant. Yet, when the employment relationship of Justice Geske's husband with St. Paul was disclosed, ES&G did not raise St. Paul's interest or of the Geske-Hogan interest as potentially requiring disqualification and did not do so thereafter when it moved for reconsideration. Only after the initial adverse decision on the merits and after having been rebuffed on the merits of its motion for reconsideration did ES&G, by its substituted counsel, raise the issue of the extent of St. Paul's interest in the underlying litigation.

ES&G dismisses as irrelevant to a determination of disqualification on the basis of financial interest the one factor relevant here to the issue of disqualification—Justice Geske's statement, "I do not believe [my husband's employment with St. Paul Companies] presents any conflict and will not influence me." While not relevant in respect to sec. 757.19(2)(f), Stats., that statement is far from irrelevant. Because, on the facts of record, none of the grounds for mandatory disqualification has any objective factual basis, the only basis for Justice Geske's disqualification would be that set forth in sec. 757.19(2)(g), Stats., "[w]hen *a judge determines* that, for any reason, he or she cannot, or it appears he or she cannot, act in an impartial manner." (Emphasis supplied.)

As pointed out in *American TV, supra,* 151 Wis. 2d at 182, the determination under sec. 757.19(2)(g), Stats., unlike the other subdivisions of the statute, is a subjective one. That, however, does not prevent the

521

parties from bringing to the judge's attention facts that may bear on that determination. Here, Justice Geske announced to the world that the fact that her husband worked for the St. Paul Companies would not influence her decision. It was appropriate for her to so state and it invited counsel to challenge the statement on the basis of objective facts. Counsel did not do so within the time specified by Justice Geske—"the end of the week"—and ES&G did not do so when it moved for reconsideration eight months later. ES&G did not raise the disqualification issue until one year later.

The assertion that Justice Geske failed to make a disclosure of facts that counsel could have fully explored in the public record can only be explained by ES&G's continued effort to ignore facts that were apparent and available to anyone who thought them to be of concern. While reasonable persons may disagree on the merits of the original decision, as did the author of this opinion, no reasonable person can argue on the basis of objective facts or on the basis of the subjective test under sec. 757.19(2)(g), Stats., that Justice Geske acted in other than an impartial and just manner.

We point out that a complaint was made to the Judicial Commission alleging that Justice Geske's participation in this case constituted a violation of the Code of Judicial Ethics. That complaint was dismissed upon the Judicial Commission's determination that there was no probable cause to believe that any violation whatsoever occurred.[5] While the Judicial Commission's letter appended hereto is evidence that Justice Geske has been completely exonerated by the tribunal authorized to investigate and charge judges

---

[5] See appended letter of Judicial Commission dated January 17, 1995.

for ethical violations, we do not rely on that determination.

■

Our review of the record establishes that the claims made in the motion for vacatur and for disqualification in the event of further proceedings are meritless and untimely. Further, ES&G's untimely arguments have had the effect of delaying the final decision in the case and have disrupted the orderly procedures of this court.

*By the Court.*—Motion dismissed with costs.

GESKE, J., took no part.

State of Wisconsin
JUDICIAL COMMISSION

Suite 606, Tenney Building
110 East Main Street
Madison, Wisconsin 53703–3328

James C. Alexander
Executive Director
Phone: 608–266–7637

January 17, 1995

CONFIDENTIAL

Honorable Janine P. Geske
Justice, Wisconsin Supreme Court
231 East, Capitol
Madison, Wisconsin

Dear Justice Geske:

On December 16, 1994, the Judicial Commission considered the allegation of misconduct filed against you for your participation in the case *City of Edgerton*

*et al. v. General Casualty Company of Wisconsin et al.,*
Case No. 91–1408.

As I stated in my letter of December 20, 1994, the Commission's review of the investigation resulted in its determination that probable cause did not exist that a violation of the Code of Judicial Ethics had occurred. The matter has accordingly been closed.

It is my understanding that you are waiving your right to confidentiality under § 757.93, Wisconsin Statutes, only for the specific purpose of filing this letter in the court file of the case involved, with copies to the attorneys of record.

Again, thank you for your cooperation with the Commission in the investigation of this matter.

Very truly yours,
/s/ James C. Alexander
James C. Alexander
Attorney at Law