Ismael R. OZANNE

v.

Jeff FITZGERALD

STATE

v.

CIRCUIT COURT FOR DANE COUNTY

Supreme Court

*Nos. 2011AP613–LV, 2011AP765–W.*
*—Decided July 5, 2012.*

2012 WI 82

(Also reported in 818 N.W.2d 850.)

**To:**

Hon. Maryann Sumi
Circuit Court Judge
Dane County Courthouse
215 South Hamilton, Br 2, Rm 7105
Madison, WI 53703

Carlo Esqueda
Clerk of Circuit Court
Room 1000
215 South Hamilton
Madison, WI 53703

Steven C. Kilpatrick
Maria S. Lazar
Assistant Attorneys General
P.O. Box 7857
Madison, WI 53707–7857

Roger A. Sage
Roger Sage Law Office
30 W. Mifflin, #1001
Madison, WI 53703–2591

Jina L. Jonen
WEAC
33 Nob Hill Drive
P.O. Box 8003
Madison, WI 53708–8003

Kevin M. St. John
Deputy Attorney General
P.O. Box 7857
Madison, WI 53707–7857

Michael P. Screnock
Eric M. McLeod
Michael Best & Friedrich LLP
P.O. Box 1806
Madison, WI 53701–1806

Ismael R. Ozanne
District Attorney
Rm. 3000
215 South Hamilton
Madison, WI 53703

Lester A. Pines
Tamara Packard
Susan M. Crawford
Cullen Weston Pines & Bach LLP
122 W Washington Ave # 900
Madison, WI 53703

Kurt C. Kobelt
Wisconsin Education Association
P.O. Box 8003
Madison, WI 53708

Robert J. Jambois
Jambois Law Office
P.O. Box 620321
Middleton, WI 53562

Joseph Louis Olson
Michael, Best & Friedrich, LLP
Suite 3300
100 E. Wisconsin Ave.
Milwaukee, WI 53202

Additional Parties listed on page 418.

You are hereby notified that the Court has entered the following order:

On December 30, 2011, Dane County District Attorney Ismael R. Ozanne filed a motion seeking the following:

1. Justice Michael J. Gableman individually to recuse himself from the instant case;

2. The court to issue an order disqualifying Justice Gableman from participation in the matter;

3. The court to issue an order vacating this court's June 14, 2011 Order reported at 2011 WI 43, 334 Wis. 2d 79, 798 N.W.2d 436;

4. In the alternative, the court to order oral argument on whether a claim for relief pursuant to Wis. Stat. § 806.07(1)(h) has been stated; and

5. The court to issue an order directing the Dane County Circuit Court, Judge Maryann Sumi presiding, to reinstate its prior orders nunc pro tunc to June 5, 2011.

On January 20, 2012, Justice Gableman denied the motion to recuse himself. (order attached)

On January 27, 2012, Representative Peter Barca joined the District Attorney's motion.

IT IS ORDERED that the motion to the court for a rehearing in the instant case without Justice Gableman's participation has not received four votes and is, therefore, not granted.

Justice Michael J. Gableman did not participate in this decision.

Diane M. Fremgen
Clerk of Supreme Court

JUSTICE DAVID T. PROSSER, JUSTICE PATIENCE DRAKE ROGGENSACK, and JUSTICE ANNETTE K. ZIEGLER write as follows:

¶ 1. Having carefully considered the motion directed to the court and the order issued by Justice Gableman, we determine that Justice Gableman made the required subjective determination that he could be

impartial in the case and that it would appear that he could act in an impartial manner. *See Donohoo v. Action Wis. Inc.*, 2008 WI 110, 314 Wis. 2d 510, 754 N.W.2d 480; *State v. Harrell*, 199 Wis. 2d 654, 546 N.W.2d 115 (1996); *State v. American TV & Appliance of Madison, Inc.*, 151 Wis. 2d 175, 443 N.W.2d 662 (1989). The supreme court does not go beyond review of a justice's subjective determination that he or she may participate in a case under Wis. Stat. § 757.19(2)(g). Wis. S. Ct. IOP II.L.1.; *Donohoo*, 314 Wis. 2d 510, ¶ 24; *Harrell*, 199 Wis. 2d at 663–64; *American TV*, 151 Wis. 2d at 182–84. Furthermore, the supreme court does not remove justices involuntarily from pending cases. *State v. Henley*, 2011 WI 67, ¶¶ 2, 7–8, 338 Wis. 2d 610, 802 N.W.2d 175 (explaining that the court does not have the institutional power to remove a justice from a pending proceeding on a case-by-case basis, while expressly refusing to take up the issue of whether Justice Roggensack should have recused from participation in Henley's review).

¶ 2. The motion's reference to SCR 60.04(4) does not change this longstanding procedure. SCR 60.04(4) does not authorize the supreme court to remove a justice from an individual case. *See Henley*, 338 Wis. 2d 610, ¶ 8.

¶ 3. We pause to note, additionally, that Justice Gableman's order goes well beyond past responses to motions for the disqualifications of justices. *See, e.g., Donohoo*, 314 Wis. 2d 510, ¶¶ 4–14, 25 (recognizing Justice Butler's consideration of only one of three grounds for disqualification as sufficient to satisfy his subjective obligation); *In re Disciplinary Proceedings Against Crosetto*, 160 Wis. 2d 581, 601–02, 466 N.W.2d 879 (1991) (Abrahamson, J., dissenting) (then-Justice Abrahamson writing separately on the merits of a case in which she was asked to disqualify herself, with no

explanation of her decision regarding the disqualification motion, her alleged partiality, or the appearance of such partiality). The standards that the Chief Justice requires in her dissent have never been the rule for this court.

JUSTICE ANN WALSH BRADLEY and JUSTICE N. PATRICK CROOKS join CHIEF JUSTICE SHIRLEY S. ABRAHAMSON'S writing.

CHIEF JUSTICE SHIRLEY S. ABRAHAMSON writes as follows:

¶ 4. I reluctantly conclude that Justice Gableman's Order dated January 20, 2012, does not demonstrate that Justice Gableman made the subjective determination required by Wis. Stat. § 757.19(2)(g).

¶ 5. This court has previously decided cases in which a challenge to a judge or justice has been made under Wis. Stat. § 757.19(2)(g).[1] In each instance, the court issued an opinion (often an authored opinion, sometimes a per curiam) laying out the nature of the allegations against the challenged judge or justice in detail and thoroughly explaining how it concluded that the challenged judge or justice had made the required subjective determination that he or she could act in an

---

[1] *See, e.g.*, *Donohoo v. Action Wisconsin, Inc.*, 2008 WI 110, ¶ 25, 314 Wis. 2d 510, 754 N.W.2d 480 (per curiam unanimous decision, J. Butler not participating, reviewing J. Butler's decision not to disqualify himself); *State v. Harrell*, 199 Wis. 2d 654, 658–59, 664, 546 N.W.2d 115 (1996) (Steinmetz, J., unanimous decision reviewing a circuit court judge's decision not to disqualify himself); *City of Edgerton v. Gen. Cas. Co.*, 190 Wis. 2d 510, 527 N.W.2d 305 (1995) (Heffernan, C.J., unanimous decision, J. Geske not participating, reviewing J. Geske's decision not to disqualify herself); *State v. American TV & Appliance of Madison, Inc.*, 151 Wis. 2d 175, 183, 443 N.W.2d 662 (1989) (Heffernan, C.J., unanimous decision, JJ. Abrahamson and Bablitch not participating, reviewing J. Bablitch's decision not to disqualify himself).

impartial manner and that it appeared that he or she could act in an impartial manner.[2]

¶ 6. Today's order and the separate writing of Justice David T. Prosser, Justice Patience Drake Roggensack, and Justice Annette K. Ziegler deviate sharply from past practice. The separate writing of my three colleagues is devoid of any of the typical analysis found in the court's recusal opinions. It does not describe the grounds on which Justice Gableman's recusal[3] was sought, it does not analyze Justice Gableman's explanation of his refusal to disqualify himself as set forth in his Order, and it does not explain how the Order satisfies the court that the justice made the required subjective determination.[4] Had my three colleagues engaged in such analysis, the issue of the adequacy of Justice Gableman's Order under Wis. Stat. § 757.19(2)(g) as a subjective determination of his ability to participate would quickly come to the fore.

¶ 7. This court decided the collective bargaining case[5] on June 14, 2011. On December 30, 2011, the

[2] *See, e.g., Donohoo*, 314 Wis. 2d 510; *American TV*, 151 Wis. 2d 175.

[3] Some note a distinction between the words "recusal" and "disqualification," but I essentially use them interchangeably for purposes of this opinion. *See Richard E. Flamm, Judicial Disqualification: Recusal and Disqualification of Judges* § 1.1 at 3 (2d ed. 2007) ("Whereas 'recusal' normally refers to a judge's decision to stand down voluntarily, 'disqualification' has typically been reserved for situations involving the statutorily or constitutionally mandated removal of a judge upon the request of a moving party or its counsel.").

[4] "The reviewing court must objectively decide if the judge went through the required exercise of making a subjective determination." *Donohoo*, 314 Wis. 2d at 527.

[5] *State ex rel. Ozanne v. Fitzgerald*, 2011 WI 43, 334 Wis. 2d 70, 798 N.W.2d 436.

Dane County District Attorney filed a motion directed to Justice Gableman individually to recuse himself and directed to the court to compel Justice Gableman's disqualification. The District Attorney's challenge to Justice Gableman's participation in the collective bargaining case was based on Michael Best & Friedrich LLP's representing a party in the collective bargaining case when "Justice Gableman received legal representation from [Michael Best] in a personal legal matter *without any obligation to pay legal fees*" (emphasis added).[6]

¶ 8. The District Attorney's challenge relies on Wis. Stat. § 757.19(2)(g), governing judicial disqualification, which provides as follows: "Any judge shall disqualify himself or herself from any civil or criminal action or proceeding when one of the following situations occurs: . . . (g) [w]hen a judge determines that, for any reason, he or she cannot, or it appears he or she cannot, act in an impartial manner."

If a justice participates in a case in violation of Wis. Stat. § 757.19(2), the decision is void. *See American TV*, 151 Wis. 2d at 179.

[6] *See* District Attorney Motion dated Dec. 30, 2011, at 4. *See also* District Attorney Supplemental Memorandum dated Feb. 29, 2012, at 2.

The District Attorney's motion was based on Michael Best & Friedrich LLP's revealing on December 12, 2011, the fee arrangement it had with Justice Gableman when representing Justice Gableman in *Wisconsin Judicial Commission v. Gableman*, 2010 WI 61, 325 Wis. 2d 579, 784 N.W.2d 605.

The District Attorney's concern appears to be that Justice Gableman is indebted to Michael Best and might not be able to act in an impartial manner regarding the law firm and its clients in cases pending before the court or that it appears that Justice Gableman cannot act in an impartial manner.

¶ 9. Justice Gableman responded to the District Attorney's challenge with an Order on January 20, 2012, refusing to disqualify himself. *See* attached Order. In his Order, Justice Gableman states the challenge to his participation as follows: "Respondent Ozanne brings this motion because he states that he believes that my participation in this case presents the appearance of impropriety. He states this conclusion based on the fact that the Michael Best & Friedrich firm was involved in the cases and had previously represented me."

¶ 10. The District Attorney then filed a supplemental memorandum of law arguing that Justice Gableman's Order ignored the very issue of partiality raised by the fee arrangement that the District Attorney had raised in his original motion. The District Attorney stated his challenge to Justice Gableman's participation in the collective bargaining case again as follows: The challenge was not based on Michael Best's representing a party in the collective bargaining case when Michael Best also represented Justice Gableman on a personal legal matter, as Justice Gableman's Order states.[7] The District Attorney again asserted that his challenge was based on the fee arrangement.

¶ 11. After the District Attorney filed supplemental materials objecting to Justice Gableman's Order as not responsive to the challenge, Justice Gableman did not issue an amended or second order explaining that

[7] If the District Attorney's challenge was based merely on Michael Best's representation of Justice Gableman at the same time the firm represented other clients before this court, the motion might be subject to denial on the basis of laches. Michael Best's representation of Justice Gableman personally was a matter of public record when the "collective bargaining case" was argued and decided.

his subjective determination of his impartiality and of the appearance of impartiality encompassed consideration of all of the District Attorney's allegations, including the fee arrangement.

¶ 12. Yet, a challenged justice is to make a subjective determination whether the grounds alleged in the recusal motion require disqualification.[8] And the court is to determine "whether the individual justice made the determination that the motion required."[9]

¶ 13. Our prior case law, upon which the three justices' separate writing relies, requires Justice Gableman to make a subjective determination of his impartiality in light of the allegations in the recusal motion and requires the court to determine whether Justice Gableman made the subjective determination of impartiality on the basis of the allegations in the recusal motion. Justice Gableman's Order does not demonstrate that the Justice has made the required subjective determination. Thus, the separate writing of my three colleagues cannot conclude, as it does, that Justice Gableman has satisfied the requirements of Wis. Stat. § 757.19(2)(g).

¶ 14. Before I set forth my analysis, I must acknowledge that Justice Gableman's drafting an explana-

─────────

[8] *State v. Henley*, 2010 WI 12, ¶¶ 3, 25, 322 Wis. 2d 1, 778 N.W.2d 853 (J. Roggensack's memorandum decision refusing to disqualify herself); *Donohoo*, 314 Wis. 2d 510, ¶ 25; *Harrell*, 199 Wis. 2d at 658–59; *American TV*, 151 Wis. 2d at 183.

[9] *State v. Allen*, 2010 WI 10, ¶ 208, 322 Wis. 2d 372, 778 N.W.2d 863 (Roggensack, J., joined by Prosser, J. & Ziegler, J.). *See also State v. Carprue*, 2004 WI 111, ¶ 62, 274 Wis. 2d 656, 684 N.W.2d 31 ("The reviewing court must objectively determine if the judge went through the required exercise of making a subjective determination." (quoting *Harrell*, 199 Wis. 2d at 665)).

tion of his refusal to recuse himself presents a complex and difficult situation for him personally. Justice Gableman's conduct concerning the fee arrangement is before this court on three recusal challenges[10] and may also be before other tribunals.[11] Thus, Justice Gableman may feel constrained in addressing pertinent facts in his Order denying recusal to avoid saying anything that might raise issues in another proceeding. Any caution and concern by the Justice is understandable.

¶ 15. Aware of the possibility of other proceedings, this court must also exercise caution and concern. We must be particularly careful to decide only the issue before us. The separate writing of my three colleagues and my own writing are to review Justice Gableman's Order only to determine "whether the individual justice made the determination that the motion required,"[12] that is, whether Justice Gableman "made a subjective determination regarding his . . . ability to proceed in the case"[13] under Wis. Stat. § 757.19(2)(g). The sole issue is whether Justice Gableman subjectively determined

---

[10] Similar challenges have been made to Justice Gableman's participation in *Adams v. State*, 2012 WI 81, ___ Wis. 2d ___, ___ N.W.2d ___, and 2011AP2677–OA & 2011XX1409, *Clinard v. Brennan*, currently pending before this court, in which Michael Best represents or represented a party.

[11] The other forums may be the Wisconsin Judicial Commission and the Wisconsin Government Accountability Board. *See* Patrick Marley, *Group Files Formal Request for Gableman Ethics Investigation*, Milwaukee Journal Sentinel, December 20, 2011; Patrick Marley, *Gableman Says He Won't Recuse Himself from Disputed Cases*, Milwaukee Journal Sentinel, January 20, 2012.

[12] *State v. Allen*, 2010 WI 10, ¶ 208, 322 Wis. 2d 372, 778 N.W.2d 863 (Roggensack, J., joined by Prosser, J. & Ziegler, J.).

[13] *Donohoo*, 314 Wis. 2d 510, ¶ 25.

whether he cannot, or it appears he cannot, act in an impartial manner because of the alleged fee arrangement.

¶ 16. Thus, I express no view about the terms of the fee agreement or the validity of the allegation that free legal services were provided. I address only the issue that is before the court.

¶ 17. That being said, because Justice Gableman's Order, whether deliberately or accidentally, misconstrues the allegations against him, no one can conclude from the only material before us, namely Justice Gableman's Order, that the Justice has made the required subjective determination under Wis. Stat. § 757.19(2)(g). I therefore reluctantly conclude that Justice Gableman's Order does not demonstrate that Justice Gableman made the subjective determination required by Wis. Stat. § 757.19(2)(g).

¶ 18. I have set forth the relevant facts and procedural posture above. In Part I, I explain how today's order and the separate writing of my three colleagues in the present case differ significantly from the court's treatment of prior, similar cases. Part II is my analysis of the question that is before the court. Part III addresses the need for a court to make a due process determination and to apply *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009).

I

¶ 19. The separate writing of my three colleagues provides no explanation of their decision other than to assert that they have "carefully considered the motion directed to the court and the order issued by Justice Gableman." This scant writing pales in comparison to prior opinions the court has issued in analogous cases

analyzing allegations in recusal motions, the conduct of the challenged judge or justice, Wis. Stat. § 757.19, and the Code of Judicial Conduct (SCR Chapter 60).[14]

¶ 20. In *State v. American TV & Appliance of Madison, Inc.*, 151 Wis. 2d 175, 443 N.W.2d 662 (1989), the court reviewed a motion alleging that Justice Bablitch was disqualified by law from a case in which he had already participated.

¶ 21. After concluding that the court had jurisdiction to consider the motion, the court quoted the exact grounds on which Justice Bablitch's disqualification was sought.[15] The court also described the factual basis of the motion in detail.[16]

¶ 22. The court then concluded that Justice Bablitch had made the subjective determination required by Wis. Stat. § 757.19(2)(g). The court described two sources of information that it relied upon. First, the Judicial Commission had investigated Justice Bablitch "on the basis of facts substantially the same as those presented" in the motion for disqualification, and the Judicial Commission dismissed the allegations.[17] Second, Justice Bablitch sent a letter to the parties after the Judicial Commission dismissed the allegations against him, "in which he unequivocally stated that, prior to taking part in the case, he had determined he could act fairly and impartially."[18] Justice Bablitch's letter also described to the parties certain facts that were unknown to Justice Bablitch when he decided to participate in the case and stated that "[he] did not

---

[14] *See* cases cited at note 1, *supra.*

[15] *American TV*, 151 Wis. 2d at 181.

[16] *Id.* at 186–87.

[17] *Id.* at 183, 189–91.

[18] *Id.* at 183.

believe the additional facts, if known at the time, would have affected his determination that he could act impartially."[19]

¶ 23. All in all, the court spent several pages outlining the facts that gave rise to the motion against Justice Bablitch and describing why the court was satisfied that Justice Bablitch had made the required subjective determination under Wis. Stat. § 757.19(2)(g).

¶ 24. In *Donohoo v. Action Wisconsin, Inc.*, 2008 WI 110, 314 Wis. 2d 510, 754 N.W.2d 480, the court reviewed a motion alleging that Justice Butler was disqualified by law from a case in which he had already participated.

¶ 25. As in *American TV*, the court in *Donohoo* outlined the allegations against the challenged justice in detail.[20] The court then concluded that Justice Butler had made the subjective determination required by Wis. Stat. § 757.19(2)(g). As in *American TV*, the court described the sources of information that it relied upon.

¶ 26. In *Donohoo*, the court concluded that Justice Butler had made the required subjective determination after considering the Judicial Commission's dismissal of a complaint against Justice Butler, the justice's letter to the parties revealing an attorney's monetary contribution to Justice Butler's re-election campaign, the fact that the allegations made did not constitute a violation of the Code of Judicial Conduct, and the Justice's continued participation in the case after he was made aware of the allegations.

¶ 27. Like Justice Bablitch in *American TV*, Justice Butler faced an investigation from the Judicial Commission and the Commission dismissed the com-

---

[19] *Id.* at 187–88.

[20] *Donohoo*, 314 Wis. 2d 510, ¶¶ 4–15.

408

plaint in its entirety.[21] Justice Butler sent a letter to the parties in which he disclosed a contribution that formed part of the basis for the complaint against him.[22] The court stated that "[b]y sending the ... letter and continuing to participate in the case, Justice Butler clearly determined that he could be impartial."[23]

¶ 28. As in *American TV*, the court spent several pages outlining the facts that gave rise to the motion and describing why the court was satisfied that Justice Butler had made the required subjective determination.

¶ 29. In stark contrast to *American TV* and *Donohoo*, the separate writing of my three colleagues simply declares that "[h]aving carefully considered the motion directed to the court and the order issued by Justice Gableman, we determine that Justice Gableman made the required subjective determination that he could be impartial in the case and that it would appear that he could act in an impartial manner."

¶ 30. By not presenting the facts that gave rise to the motion against Justice Gableman and not presenting Justice Gableman's response, Justices Prosser, Roggensack, and Ziegler avoid grappling with the issue we are required to decide: whether the challenged justice made a subjective determination under Wis. Stat. § 757.19(2)(g) that in light of the challenge he could be impartial and there was no appearance of partiality.

## II

¶ 31. Although Justice Gableman's Order claims that he "considered the circumstances of this case" and "the submissions of the parties," I conclude that nothing

---

[21] *Id.*, ¶ 18.

[22] *Id.*, ¶ 25.

[23] *Id.*

in Justice Gableman's Order demonstrates that Justice Gableman actually considered the submissions of the District Attorney. Rather, because Justice Gableman's Order either intentionally or inadvertently misstates the grounds of the District Attorney's motion, the Order contains no reasoned basis for the Justice's conclusion that his recusal is "neither warranted nor justified."

¶ 32. The Order inaccurately asserts that the District Attorney seeks recusal because "the Michael Best & Friedrich firm was involved in the cases and had previously represented me." Actually, as I have stated previously, the District Attorney explained in the initial and supplemental filings that he seeks recusal not because Justice Gableman has been personally represented by Michael Best, but rather because Justice Gableman received allegedly free legal services from Michael Best.

¶ 33. Yet, nowhere in Justice Gableman's Order is there any reference to payment (or absence of payment) for legal services, the fee arrangement with Michael Best, free legal services, a gift of legal services, or valuable consideration for the fee arrangement. None of these words, or any synonyms, appears in the Order.

¶ 34. Because Justice Gableman's Order erroneously states the grounds on which his recusal was sought, the Order does not demonstrate that the Justice subjectively determined whether he can, and whether it appears he can, act in an impartial manner because of the alleged fee arrangement.

¶ 35. The Order is not concerned with Justice Gableman's subjective determination of his impartiality considering the actual allegations in the motion. Instead the Order focuses on different issues—a presumption that a Justice acts with honesty and integrity, a court's sitting in judgment of a justice's decision not to

410

recuse, and Chief Justice John Roberts' views about recusal of Justices of the United States Supreme Court.

¶ 36. Perhaps somewhat ironically, Justice Gableman's Order might have passed muster had he referred to the District Attorney's allegations generically as "the allegations stated by the petitioner." Or Justice Gableman might have corrected his Order after the District Attorney filed supplemental material advising the court that in his opinion the Order misstated his challenge. Justice Gableman could have issued an amended order or a letter explaining that his subjective determination included consideration of all of the District Attorney's allegations, including consideration of the fee arrangement.

¶ 37. Had Justice Gableman taken either step, the court might have been able to conclude that Justice Gableman had made the required subjective determination. Our prior recusal opinions show that the court analyzes the material available or received from the challenged justice, giving the justice the benefit of reasonable inferences.[24] None of the prior recusal cases, however, raises the red flag of the challenged Justice's misstating or misunderstanding the allegations.

¶ 38. The separate writing of my three colleagues is not in keeping with the full discussions of recusal motions and a judge or justice's response to such a motion in our prior recusal cases in which a full court opinion (often signed by a justice) has been released.[25] Because Justice Gableman's Order either intentionally or inadvertently misstates the allegation and the relevant facts, the Order does not demonstrate that Jus-

[24] *See Carprue*, 274 Wis. 2d 656, ¶ 62.

[25] *See, e.g., Donohoo*, 314 Wis. 2d 510, ¶ 25.; *Harrell*, 199 Wis. 2d at 658–59, 664; *American TV*, 151 Wis. 2d at 183.

tice Gableman made the required subjective determination that, in spite of the grounds stated in the District Attorney's challenge, he could act in an impartial manner and it appeared he could act in an impartial manner.

III

¶ 39. Moreover, the separate writing of my three colleagues relies on *State v. Henley*, 2011 WI 67, 338 Wis. 2d 610, 802 N.W.2d 175, a 4–3 decision in which a challenged justice participated, to conclude that recusal is the sole responsibility of the individual justice for whom disqualification from participation had been sought.

¶ 40. This position is contrary to *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009), in which the United States Supreme Court concluded that a court must make a due process determination whether the litigants had a fair hearing when a justice's participation in a case is challenged. A court cannot rely exclusively on the personal inquiry by the challenged justice or on appellate review of a justice's determination. *Caperton*, 556 U.S. at 883–84. Due process requires recusal when " 'the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable.' . . . The Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.' " *Caperton*, 556 U.S. at 872, 881 (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). A court should ask whether, " 'under a realistic appraisal of psychological tendencies and human weakness,' " the challenged justice's interest in question "poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due

process is to be adequately implemented." *Caperton*, 556 U.S. at 883–84 (quoting *Withrow*, 421 U.S. at 47).

\* \* \* \*

¶ 41. Neither Justices Prosser, Roggensack, and Ziegler nor I decide the terms of the fee agreement, the validity of the allegations in the recusal motion, or the validity of the due process challenge. These are issues that may come before the court, but they are not before the court today.

¶ 42. Our prior case law, upon which the separate writing of my three colleagues relies, requires Justice Gableman to make a subjective determination of his impartiality in light of the allegations in the recusal motion and requires the court to determine whether Justice Gableman made the subjective determination of impartiality on the basis of the allegations in the recusal motion. Justice Gableman's Order does not demonstrate that the Justice has made the required subjective determination. Thus, my three colleagues cannot conclude, as they do, that Justice Gableman has satisfied the requirements of Wis. Stat. § 757.19(2)(g).

¶ 43. For the reasons set forth, I reluctantly conclude that Justice Gableman's Order does not demonstrate that Justice Gableman made the subjective determination required by Wis. Stat. § 757.19(2)(g).

¶ 44. I am authorized to state that Justices BRADLEY and CROOKS join this writing.

## Supreme Court of Wisconsin

110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WI 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov

January 20, 2012

To:

**Circuit Court for Dane County,**
**The Hon. Maryann Sumi**
 Hon. Maryann Sumi
 Dane County Circuit Court Judge
 215 South Hamilton, Br. 2, Rm. 7105
 Madison, WI 53703

 Marie A. Stanton
 Dean A. Strang
 Hurley, Burish & Stanton, S.C.
 P.O. Box 1528
 Madison, WI 53701-1528

**Mark Miller**
 Susan M. Crawford
 Lester A. Pines
 Cullen Weston Pines & Bach LLP
 122 W. Washington Ave., #900
 Madison, WI 53703

**Peter Barca**
 Robert J. Jambois
 Jambois Law Office
 P.O. Box 620321
 Middleton, WI 53562

**State of Wisconsin**
**Michael D. Huebsch**
 Maria S. Lazar
 Assistant Attorney General
 P.O. Box 7857
 Madison, WI 53707-7857

*Additional Parties listed on Page 3

You are hereby notified of the following order:

No. 2011AP613-LV Ozanne v. Fitzgerald L.C.#2011CV1244
No. 2011AP765-W State v. Circuit Court for Dane Cnty. L.C.#2011CV1244

Before Michael J. Gableman, J.

On December 30, 2011, respondent Ismael R. Ozanne, District Attorney for Dane County, Wisconsin, filed a motion requesting, inter alia, that I recuse myself from participation in these cases. On January 17, 2012, respondent Senator Mark Miller joined the motion. The motion for recusal is denied.

414

Respondent Ozanne brings this motion because he states that he believes that my participation in these cases presents the appearance of impropriety. He states this conclusion based on the fact that the Michael Best & Friedrich firm was involved in the cases and had previously represented me.

As the United States Supreme Court has declared, those in the judiciary are presumed to act with honesty and integrity. Withrow v. Larkin, 421 U.S. 35, 47 (1975) (stating that there is a "presumption of honesty and integrity in those serving as adjudicators"); see Bridges v. California, 314 U.S. 252, 273 (1941) ("[T]o impute to judges a lack of firmness, wisdom, or honor" is a premise "which we cannot accept"); see also Milburn v. State, 50 Wis. 2d 53, 62, 183 N.W.2d 70 (1971) (holding that judges are presumed to make their decisions "in fidelity to [their] oath of office" and to "try each case on its merits").

This court provided specific guidance as to when a judge must recuse him or herself in Donohoo v. Action Wisconsin, Inc., 2008 WI 110, 314 Wis. 2d 510, 754 N.W.2d 480. See also State v. Henley, 2011 WI 67, __ Wis. 2d __, 802 N.W.2d 175, cert. denied, 565 U.S. __ (2011). Donohoo instructs that a Justice must recuse him or herself from a case only where 1) they cannot act in a fair and impartial manner, or 2) by participating in the case, they would give the appearance that they were not able to act in a fair and impartial manner. Donohoo, 314 Wis. 2d 510, ¶24. Each Justice alone must make the determination of whether one or more of these two circumstances is present. Id. As Donohoo stated:

> Section 757.19(2)(g), Stats., mandates a judge's disqualification only when that judge makes a determination that, in fact or in appearance, he or she cannot act in an impartial manner. It does not require disqualification in a situation where one other than the judge objectively believes there is an appearance that the judge is unable to act in an impartial manner; neither does it require disqualification . . . in a situation in which the judge's impartiality "can reasonably be questioned" by someone other than the judge.

Id. (quoting State v. Harrell, 199 Wis. 2d 654, 663–64, 546 N.W.2d 115 (1996) (quoting State v. American TV & Appliance, Inc., 151 Wis. 2d 175, 182–83, 443 N.W.2d 662 (1989))).

Chief Justice Roberts recently reiterated and elaborated on these principles in his 2011 report on the judiciary. See John G. Roberts, Jr., 2011 Year-End Report on the Federal Judiciary, available at http://www.uscourts.gov/Libraries/Statistics_PDFs/2011Year-EndReport. sflb.ashx. In the report, Chief Justice Roberts noted that, "[a]s in the case of the lower courts, the Supreme Court does not sit in judgment of one of its own Members' decision whether to recuse in the course of deciding a case." Id. at 9. "Indeed," he added, "if the Supreme Court reviewed those decisions, it would create an undesirable situation in which the Court could affect the outcome of a case by selecting who among its members may participate." Id. Chief Justice

Roberts further explained that the U.S. Supreme Court is distinct from the lower federal courts with respect to recusal matters, because unlike district and circuit court judges, there is no one to take the place of a recusing Justice. Id. Consequently, "if a Justice withdraws from a case, the Court must sit without its full membership." Id.

In his report, Chief Justice Roberts also commented that "[a] Justice . . . cannot withdraw from a case as a matter of convenience or simply to avoid controversy. Rather, each Justice has an obligation to the Court to be sure of the need to recuse before deciding to withdraw from a case." Id. Concluding his remarks on the subject, Chief Justice Roberts observed that "a judge should not be swayed by partisan demands, public clamor or considerations of personal popularity or notoriety, nor be apprehensive of unjust criticism. Such concerns have no role to play in deciding a question of recusal." Id. at 10 (internal quotation marks and citation omitted).

As with the U.S. Supreme Court, there is no one to replace a Justice on our court who recuses himself or herself from a case. A Justice simply should not withdraw from a case because of "partisan demands, public clamor or considerations of personal popularity or notoriety." I therefore agree with Chief Justice Roberts' reasoning, and find it consistent with our own precedent and with sound principles of judicial ethics and administration.

Accordingly, having carefully considered the circumstances of these cases, the law and reasoning set forth above, and the submissions of the parties, I have determined that recusal is neither justified nor warranted.

Therefore, having carefully considered the motion of respondent Ismael R. Ozanne, District Attorney for Dane County, Wisconsin, individually directed to Justice Michael J. Gableman for his recusal from participation in Case Nos. 2011AP765-W and 2011AP613-LV;

IT IS ORDERED that the motion to Justice Michael J. Gableman individually is hereby denied.

A. John Voelker
Acting Clerk of Supreme Court

416

Page 4
January 20, 2012
No. 2011AP613-LV Ozanne v. Fitzgerald L.C.#2011CV1244
No. 2011AP765-W State v. Circuit Court for Dane Cnty. L.C.#2011CV1244

*Additional Parties:

Steven C. Kilpatrick
Assistant Attorney General
P.O. Box 7857
Madison, WI 53707-7857

Eric M. McLeod
Michael P. Screnock
Michael Best & Friedrich LLP
P.O. Box 1806
Madison, WI 53701-1806

Joseph Louis Olson
Michael, Best & Friedrich, LLP
100 E. Wisconsin Ave., Ste. 3300
Milwaukee, WI 5320

Ismael R. Ozanne
Ismael R. Ozanne
District Attorney
215 South Hamilton, Rm. 3000
Madison, WI 53703

Douglas La Follette
Roger A. Sage
Roger Sage Law Office
30 W. Mifflin, #1001
Madison, WI 53703-2591

Jeff Fitzgerald
Scott Fitzgerald
Michael Ellis
Scott Suder
Joint Committee on Conference
Wisconsin State Senate
Wisconsin State Assembly
Maria S. Lazar
Assistant Attorney General
P.O. Box 7857
Madison, WI 53707-7857

Carlo Esqueda
Clerk of Circuit Court
215 South Hamilton, Rm. 1000
Madison, WI 53703

Jina L. Jonen
Kurt C. Kobelt
Wisconsin Education Association Council
P.O. Box 8003
Madison, WI 53708

A. John Voelker
Director of State Courts
P.O. Box 1688
Madison, WI 53701-1688

417

## *Additional Parties:

Marie A. Stanton
Dean A. Strang
Hurley, Burish & Stanton, SC
33 E. Main Street, Suite 400
P. O. Box 1528
Madison, WI 53701–1528

A. John Voelker
Director of State Courts
P.O. Box 1688
Madison, WI 53701–1688