# Adams

v.

# State

Supreme Court

*No. 2009AP608.—Decided July 5, 2012.*

## 2012 WI 81

(Also reported in 818 N.W.2d 838.)

**To:**

| | |
|---|---|
| Hon. James Welker | Christa Westerberg |
| Circuit Court Judge | McGillivray Westerberg & Bender LLC |
| Rock County Courthouse | 211 S. Paterson Street, Suite 320 |
| 51 S. Main St. | Madison, WI 53703 |
| Janesville, WI 53545 | |
| | |
| Eldred Mielke | Andrew T. Phillips |
| Clerk of Circuit Court | Daniel J. Borowski |
| Rock Co. Courthouse | Patrick Casey Henneger |
| 51 S. Main Street | Phillips Borowski, S.C. |
| Janesville, WI 53545 | 10140 N. Port Washington Rd. |
| | Mequon, WI 53092 |

Robert M. Hunter
Assistant Attorney General
P.O. Box 7857
Madison, WI 53707–7857

Jodi L. Habush
Midwest Environmental Advocates
551 W. Main Street
Madison, WI 53703

Glenn C. Reynolds
Elizabeth A. Mackey
Reynolds & Associates
407 E. Main St.
Madison, WI 53703–4276

William P. O'Connor
Wheeler, Van Sickle & Anderson, S.C.
25 W. Main St., Ste. 801
Madison, WI 53703–3398

Peter E. McKeever
Garvey McNeil & Associates, S.C.
One Odana Court
Madison, WI 53719

Carlos A. Pabellon
Assistant Corporation Counsel
Room 419
210 Martin Luther King, Jr. Blvd.
Madison, WI 53703–3345

Michael P. Screnock
Eric M. McLeod
Michael Best & Friedrich LLP
P.O. Box 1806
Madison, WI 53701–1806

H. D. Peterson
Stroud, Willink & Howard, LLC
P.O. Box 2236
Madison, WI 53701–2236

Additional Parties listed on page 395.

You are hereby notified that the Court has entered the following order:

WHEREAS, on January 9, 2012, Plaintiffs-Respondents-Petitioners, John Adams et al., filed a motion directed to Justice Michael J. Gableman individually to recuse himself from the instant case, under Wis. Stat. § 757.19(2)(g) and SCR 60.04(4), (4)(a), and also moved the court to order a rehearing in the instant case without Justice Gableman's participation.

On January 18, 2012, Petitioner-Respondent-Petitioner, Town of Magnolia, joined the Adams motion.

On January 20, 2012, Justice Gableman denied the motion to recuse himself, having determined that he

could act in an impartial manner and that it would appear that he could act in an impartial manner. (order attached)

IT IS ORDERED that the motion to the court for a rehearing in the instant case without Justice Gableman's participation has not received four votes and is, therefore, not granted.

Justice Michael J. Gableman did not participate in this decision.

Diane M. Fremgen
Clerk of Supreme Court

JUSTICE DAVID T. PROSSER, JUSTICE PATIENCE DRAKE ROGGENSACK, and JUSTICE ANNETTE K. ZIEGLER write as follows:

¶ 1. Having carefully considered the motion directed to the court and the order issued by Justice Gableman, we determine that Justice Gableman made the required subjective determination that he could be impartial in the case and that it would appear that he could act in an impartial manner. *See Donohoo v. Action Wis. Inc.*, 2008 WI 110, 314 Wis. 2d 510, 754 N.W.2d 480; *State v. Harrell*, 199 Wis. 2d 654, 546 N.W.2d 115 (1996); *State v. American TV & Appliance of Madison, Inc.*, 151 Wis. 2d 175, 443 N.W.2d 662 (1989). The supreme court does not go beyond review of a justice's subjective determination that he or she may participate in a case under Wis. Stat. § 757.19(2)(g). Wis. S. Ct. IOP II.L.1.; *Donohoo*, 314 Wis. 2d 510, ¶ 24; *Harrell*, 199 Wis. 2d at 663–64; *American TV*, 151 Wis. 2d at 182–84. Furthermore, the supreme court does not remove justices involuntarily from pending cases. *State v. Henley*, 2011 WI 67, ¶¶ 2, 7–8, 338 Wis. 2d 610, 802 N.W.2d 175 (explaining that the court does not have the institutional power to remove a justice from a pending proceeding on a case-

by-case basis, while expressly refusing to take up the issue of whether Justice Roggensack should have recused from participation in Henley's review).

¶ 2. The motion's reference to SCR 60.04(4) does not change this longstanding procedure. SCR 60.04(4) does not authorize the supreme court to remove a justice from an individual case. *See Henley*, 338 Wis. 2d 610, ¶ 8.

¶ 3. We pause to note, additionally, that Justice Gableman's order goes well beyond past responses to motions for the disqualifications of justices. *See, e.g., Donohoo*, 314 Wis. 2d 510, ¶¶ 4–14, 25 (recognizing Justice Butler's consideration of only one of three grounds for disqualification as sufficient to satisfy his subjective obligation); *In re Disciplinary Proceedings Against Crosetto*, 160 Wis. 2d 581, 601–02, 466 N.W.2d 879 (1991) (Abrahamson, J., dissenting) (then-Justice Abrahamson writing separately on the merits of a case in which she was asked to disqualify herself, with no explanation of her decision regarding the disqualification motion, her alleged partiality, or the appearance of such partiality). The standards that the Chief Justice requires in her dissent have never been the rule for this court.

JUSTICE ANN WALSH BRADLEY and JUSTICE N. PATRICK CROOKS join Chief Justice Abrahamson's writing.

CHIEF JUSTICE SHIRLEY S. ABRAHAMSON writes as follows:

¶ 4. I reluctantly conclude that Justice Gableman's Order dated January 20, 2012, does not demonstrate that Justice Gableman made the subjective determination required by Wis. Stat. § 757.19(2)(g).[1]

---

[1] Adams's challenge relies on Wis. Stat. § 757.19(2)(g), governing judicial disqualification, which provides as follows:

¶ 5. This court has previously decided cases in which a challenge to a judge or justice has been made under Wis. Stat. § 757.19(2)(g).[2] In each instance, the court issued an opinion (often an authored opinion, sometimes a per curiam) laying out the nature of the allegations against the challenged judge or justice in detail and thoroughly explaining how it concluded that the challenged judge or justice had made the required subjective determination that he or she could act in an impartial manner and that it appeared that he or she could act in an impartial manner.

¶ 6. Today's order and the separate writing by Justice David T. Prosser, Justice Patience Drake Roggensack, and Justice Annette K. Ziegler deviate sharply from past practice. The separate writing of my three colleagues is devoid of the typical analyses found in the court's recusal opinions. It does not describe the

"Any judge shall disqualify himself or herself from any civil or criminal action or proceeding when one of the following situations occurs: . . . (g) [w]hen a judge determines that, for any reason, he or she cannot, or it appears he or she cannot, act in an impartial manner."

[2] *See, e.g., Donohoo v. Action Wisconsin, Inc.,* 2008 WI 110, ¶ 25, 314 Wis. 2d 510, 754 N.W.2d 480 (per curiam unanimous decision, J. Butler not participating, reviewing J. Butler's decision not to disqualify himself); *State v. Harrell,* 199 Wis. 2d 654, 658–59, 664, 546 N.W.2d 115 (1996) (Steinmetz, J., unanimous decision reviewing a circuit court judge's decision not to disqualify himself); *City of Edgerton v. Gen. Cas. Co. of Wis.,* 190 Wis. 2d 510, 527 N.W.2d 305 (1995) (Heffernan, C.J., unanimous decision, J. Geske not participating, reviewing J. Geske's decision not to disqualify herself); *State v. American TV & Appliance of Madison, Inc.,* 151 Wis. 2d 175, 183, 443 N.W.2d 662 (1989) (Heffernan, C.J., unanimous decision, JJ. Abrahamson & Bablitch not participating, reviewing J. Bablitch's decision not to disqualify himself).

grounds on which Justice Gableman's recusal[3] was sought, it does not analyze Justice Gableman's explanation of his refusal to disqualify himself as set forth in his Order, and it does not explain how the Order satisfies the three colleagues that the Justice made the required subjective determination. " 'The reviewing court must objectively decide if the judge went through the required exercise of making a subjective determination.' "[4] Had my three colleagues engaged in such analysis, the issue of the adequacy of Justice Gableman's Order under Wis. Stat. § 757.19(2)(g) as a subjective determination of his ability to participate would quickly come to the fore.

¶ 7. Oral argument on the merits of this case was held on September 7, 2011. On January 9, 2012, Plaintiffs-Respondents-Petitioners, John Adams et al., filed a motion directed to Justice Michael J. Gableman individually to recuse himself from the instant case and a motion directed to the Court to order a rehearing in the instant case without Justice Gableman's participation.[5] The Adams/Town challenge to Justice Gableman's participation is based on the allegation that

---

[3] Some note a distinction between the words "recusal" and "disqualification," but I essentially use them interchangeably for purposes of this opinion. *See* Richard E. Flamm, *Judicial Disqualification: Recusal and Disqualification of Judges* § 1.1 at 3 (2d ed. 2007) ("Whereas 'recusal' normally refers to a judge's decision to stand down voluntarily, 'disqualification' has typically been reserved for situations involving the statutorily or constitutionally mandated removal of a judge upon the request of a moving party or its counsel.").

[4] *Donohoo*, 314 Wis. 2d at 527 (quoting *Harrell*, 199 Wis. 2d at 664).

[5] On January 18, 2012, Petitioner-Respondent-Petitioner, Town of Magnolia, joined the Adams motion.

the challengers did not know that Justice Gableman was represented by Michael Best & Friedrich LLP in a personal legal matter without any obligation to pay legal fees to Michael Best, and that Michael Best represents a party in the instant case.[6] The Adams/Town motion is based on Michael Best's revealing on or about December 15, 2011, the fee arrangement it had with Justice Gableman when representing Justice Gableman in *Wisconsin Judicial Commission v. Gableman*, 2010 WI 61, 325 Wis. 2d 579, 784 N.W.2d 605.

¶ 8. On January 20, 2012, Justice Gableman issued an Order denying the motion to recuse himself. *See* attached Order.

¶ 9. In his Order, Justice Gableman states the challenge to his participation as follows: "The petitioners bring this motion because they state that they believe that my participation in this case presents the appearance of impropriety. They state this conclusion based on the fact that the Michael Best & Friedrich firm was involved in the case and had previously represented me."[7]

---

[6] Adams asserts that he was aware prior to December 2011 that Michael Best had represented Justice Gableman but that he was not aware of the fee arrangement. Adams's concern is that because of the alleged fee arrangement Justice Gableman is indebted to Michael Best and might be partial to the law firm and its clients in cases pending before the court.

[7] On the same date, Justice Gableman issued two additional, essentially identical orders in other cases in which his disqualification was sought on the basis of his fee arrangement with Michael Best. The other orders were in *State ex rel. Ozanne v. Fitzgerald*, No. 2011AP613–LV (the collective bargaining case), unpublished order (Jan. 20, 2012); and *Clinard v. Brennan*, No. 2011AP2677–OA, unpublished order (Jan. 20, 2012).

380

¶ 10. A challenged justice is to make a subjective determination whether the grounds alleged in the recusal motion require disqualification.[8] And the court is to determine "whether the individual justice made the determination that the motion required."[9]

¶ 11. Our prior case law, upon which the three justices' separate writing relies, requires Justice Gableman to make a subjective determination of his impartiality in light of the allegations in the recusal motion and requires the court to objectively decide whether Justice Gableman went through the required exercise of making a subjective determination of impartiality on

In the collective bargaining case, the party challenging Justice Gableman's participation (the District Attorney) filed a supplemental memorandum of law arguing that Justice Gableman's Order ignored the very issue of partiality raised by the fee arrangement that was raised in the original motion. The District Attorney restated that the challenge was not based on Michael Best's representing a party in the case before the court when Michael Best also represented Justice Gableman on a personal legal matter, as Justice Gableman's Order states. Rather, the challenge was based on the fee arrangement.

Justice Gableman has not issued an amended or second order in any of the cases explaining that his subjective determination of his impartiality and of the appearance of impartiality encompassed consideration of all of Adams's allegations, including the fee arrangement.

[8] *State v. Henley*, 2010 WI 12, ¶¶ 3, 25, 322 Wis. 2d 1, 778 N.W.2d 853 (J. Roggensack's memorandum decision refusing to disqualify herself); *Donohoo*, 314 Wis. 2d 510, ¶ 25; *Harrell*, 199 Wis. 2d at 658–59; *American TV*, 151 Wis. 2d at 183.

[9] *State v. Allen*, 2010 WI 10, ¶ 208, 322 Wis. 2d 372, 778 N.W.2d 863 (Roggensack, J., joined by Prosser, J. & Ziegler, J.). *See also State v. Carprue*, 2004 WI 111, ¶ 62, 274 Wis. 2d 656, 684 N.W.2d 31 ("The reviewing court must objectively decide if the judge went through the required exercise of making a subjective determination." (quoting *Harrell*, 199 Wis. 2d at 665)).

the basis of the allegations in the recusal motion. Justice Gableman's Order does not demonstrate that the Justice has made the required subjective determination. Thus, the separate writing of my three colleagues cannot conclude, as it does, that Justice Gableman has satisfied the requirements of Wis. Stat. § 757.19(2)(g).

¶ 12. Before I set forth my analysis, I must acknowledge that Justice Gableman's drafting an explanation of his refusal to recuse himself presents a complex and difficult situation for him personally. Justice Gableman's conduct concerning the fee arrangement is before this court on three recusal challenges[10] and may also be before other tribunals.[11] Thus, Justice Gableman may feel constrained in addressing pertinent facts in his Order denying recusal to avoid saying anything that might raise issues in another proceeding. Any caution and concern by the Justice is understandable.

¶ 13. Aware of the possibility of other proceedings, this court must also exercise caution and concern. We must be particularly careful to decide only the issue before us. The separate writing of my three colleagues

[10] Similar challenges have been made to Justice Gableman's participation in *State ex rel. Ozanne v. Fitzgerald*, 2011 WI 43, 334 Wis. 2d 70, 798 N.W.2d 436; *State v. Circuit Court for Dane County*, No. 2011AP765–W (consolidated with *Ozanne*); and *Clinard v. Brennan*, 2011AP2677–OA, 2011XX1409 (currently pending before this court), in which Michael Best represents or represented a party.

[11] The other forums may be the Wisconsin Judicial Commission and the Wisconsin Government Accountability Board. *See* Patrick Marley, *Group Files Formal Request for Gableman Ethics Investigation*, Milwaukee Journal Sentinel, Dececember 20, 2011; Patrick Marley, *Gableman Says He Won't Recuse Himself from Disputed Cases*, Milwaukee Journal Sentinel, January 20, 2012.

and my own writing are to review Justice Gableman's Order only to determine "whether the individual justice made the determination that the motion required,"[12] that is, whether Justice Gableman "made a subjective determination regarding his . . . ability to proceed in the case"[13] under Wis. Stat. § 757.19(2)(g). The sole issue is whether Justice Gableman subjectively determined whether he cannot, or it appears he cannot, act in an impartial manner because of the alleged fee arrangement.

¶ 14. Thus, I express no view about the terms of the fee agreement or the validity of the allegation that free legal services were provided. I address only the issue that is before the court.

¶ 15. That being said, because Justice Gableman's Order, whether deliberately or accidentally, misconstrues the allegations against him, this court cannot objectively decide from the only material before us, namely Justice Gableman's Order, that the Justice has gone through the required exercise of making a subjective determination under Wis. Stat. § 757.19(2)(g). I therefore reluctantly conclude that Justice Gableman's Order does not demonstrate that Justice Gableman made the subjective determination required by Wis. Stat. § 757.19(2)(g).

¶ 16. I have set forth the relevant facts and procedural posture above. In Part I, I explain how today's order and the separate writing of my three colleagues in the present case differ significantly from the court's treatment of prior, similar cases. Part II is my analysis of the question that is before the court. Part III ad-

---

[12] *State v. Allen*, 2010 WI 10, ¶ 208, 322 Wis. 2d 372, 778 N.W.2d 863 (Roggensack, J., joined by Prosser, J. & Ziegler, J.).

[13] *Donohoo*, 314 Wis. 2d 510, ¶ 26.

dresses the need for a court to make a due process determination regarding a justice's participation and to apply *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009).

I

¶ 17. The separate writing of my three colleagues provides no explanation of their decision other than to assert that they have "carefully considered the motion directed to the court and the order issued by Justice Gableman." This scant writing pales in comparison to prior opinions the court has issued in analogous cases analyzing allegations in recusal motions, the conduct of the challenged judge or justice, Wis. Stat. § 757.19, and the Code of Judicial Conduct (SCR Chapter 60).[14]

¶ 18. In *State v. American TV & Appliance of Madison, Inc.*, 151 Wis. 2d 175, 443 N.W.2d 662 (1989), the court reviewed a motion alleging that Justice Bablitch was disqualified by law from a case in which he had already participated.

¶ 19. After concluding that the court had jurisdiction to consider the motion, the court quoted the exact grounds on which Justice Bablitch's disqualification was sought.[15] The court also described the factual basis of the motion in detail.[16]

¶ 20. The court then concluded that Justice Bablitch had made the subjective determination required by Wis. Stat. § 757.19(2)(g). The court described two sources of information that it relied upon. First, the Judicial Commission had investigated Justice Bablitch "on the basis of facts substantially the same as those

---

[14] *See* cases cited at note 1, *supra*.

[15] *American TV*, 151 Wis. 2d at 181.

[16] *Id.* at 186–87.

presented" in the motion for disqualification, and the Judicial Commission dismissed the allegations.[17] Second, Justice Bablitch sent a letter to the parties after the Judicial Commission dismissed the allegations against him, "in which he unequivocally stated that, prior to taking part in the case, he had determined he could act fairly and impartially."[18] Justice Bablitch's letter also described to the parties certain facts that were unknown to Justice Bablitch when he decided to participate in the case and stated that "[he] did not believe the additional facts, if known at the time, would have affected his determination that he could act impartially."[19]

¶ 21. All in all, the court spent several pages outlining the facts that gave rise to the motion against Justice Bablitch and describing why the court was objectively satisfied that Justice Bablitch had made the required subjective determination under Wis. Stat. § 757.19(2)(g).

¶ 22. In *Donohoo v. Action Wisconsin, Inc.*, 2008 WI 110, 314 Wis. 2d 510, 754 N.W.2d 480, the court reviewed a motion alleging that Justice Butler was disqualified by law from a case in which he had already participated.

¶ 23. As in *American TV*, the court in *Donohoo* outlined the allegations against the challenged justice in detail.[20] The court then concluded that Justice Butler had made the subjective determination required by Wis. Stat. § 757.19(2)(g). As in *American TV*, the court described the sources of information that it relied upon.

---

[17] *Id.* at 183, 189–91.

[18] *Id.* at 183.

[19] *Id.* at 187–88.

[20] *Donohoo*, 314 Wis. 2d 510, ¶¶ 4–15.

¶ 24. In *Donohoo*, the court concluded that Justice Butler had made the required subjective determination after considering the Judicial Commission's dismissal of a complaint against Justice Butler, the justice's letter to the parties revealing an attorney's monetary contribution to Justice Butler's re-election campaign, the fact that the allegations made did not constitute a violation of the Code of Judicial Conduct, and the Justice's continued participation in the case after he was made aware of the allegations.

¶ 25. Like Justice Bablitch in *American TV*, Justice Butler faced an investigation from the Judicial Commission and the Commission dismissed the complaint in its entirety.[21] Justice Butler sent a letter to the parties in which he disclosed a contribution that formed part of the basis for the complaint against him.[22] The court stated that "[b]y sending the . . . letter and continuing to participate in the case, Justice Butler clearly determined that he could be impartial."[23]

¶ 26. As in *American TV*, the court spent several pages outlining the facts that gave rise to the motion and describing why the court was satisfied that Justice Butler had made the required subjective determination.

¶ 27. In stark contrast to *American TV* and *Donohoo*, the separate writing of my three colleagues simply declares that "[h]aving carefully considered the motion directed to the court and the order issued by Justice Gableman, we determine that Justice Gableman made the required subjective determination that he could be impartial in the case and that it would appear that he could act in an impartial manner."

---

[21] *Id.*, ¶ 18.

[22] *Id.*, ¶ 25.

[23] *Id.*, ¶ 25.

¶ 28. By not presenting the facts that gave rise to the motion against Justice Gableman and not presenting Justice Gableman's response, Justices Prosser, Roggensack, and Ziegler avoid grappling with the issue we are required to decide: whether the challenged justice made a subjective determination under Wis. Stat. § 757.19(2)(g) that in light of the challenge he could be impartial and there was no appearance of partiality.

II

¶ 29. Although Justice Gableman's Order claims that he "considered the circumstances of this case" and "the submissions of the parties," I conclude that nothing in Justice Gableman's Order demonstrates that Justice Gableman actually considered Adams's submissions. Rather, because Justice Gableman's Order either intentionally or inadvertently misstates the grounds of the Adams/Town motion, the Order contains no reasoned basis for the Justice's conclusion that his recusal is "neither warranted nor justified."

¶ 30. The Order inaccurately asserts that Adams seeks recusal because "the Michael Best & Friedrich firm was involved in the case and had previously represented me." Actually, as I have stated previously, Adams seeks recusal not because Justice Gableman has been personally represented by Michael Best, but rather because Justice Gableman received allegedly free legal services from Michael Best.

¶ 31. Yet, nowhere in Justice Gableman's Order is there any reference to payment (or absence of payment) for legal services, the fee arrangement with Michael Best, free legal services, a gift of legal services, or valuable consideration for the fee arrangement. None of these words, or any synonyms, appears in the Order.

¶ 32. Because Justice Gableman's Order erroneously states the grounds on which his recusal was sought, the Order does not demonstrate that the Justice subjectively determined whether he can, and whether it appears he can, act in an impartial manner because of the alleged fee arrangement.

¶ 33. The Order is not concerned with Justice Gableman's subjective determination of his impartiality considering the actual allegations in the motion. Instead the Order focuses on different issues—a presumption that a Justice acts with honesty and integrity, a court's sitting in judgment of a justice's decision not to recuse, and Chief Justice John Roberts' views about recusal of Justices of the United States Supreme Court.

¶ 34. Perhaps somewhat ironically, Justice Gableman's Order might have passed muster had he referred to Adams's allegations generically as "the allegations stated by the petitioner." Or Justice Gableman might have corrected his Order after the District Attorney filed supplemental material in a similar recusal case advising the court that in his opinion the Order misstated his challenge. Justice Gableman could have issued an amended order or a letter explaining that his subjective determination included consideration of all of Adams's allegations, including consideration of the fee arrangement.

¶ 35. Had Justice Gableman taken either step, the court might have been able to conclude that Justice Gableman had made the required subjective determination. Our prior recusal opinions show that the court analyzes the material available or received from the challenged justice, giving the justice the benefit of reasonable inferences.[24] None of the prior recusal cases,

---

[24] *See Carprue*, 274 Wis. 2d 656, ¶ 62.

however, raises the red flag of the challenged Justice's misstating or misunderstanding the allegations.

¶ 36. The separate writing of my three colleagues is not in keeping with the full discussions of recusal motions and a judge or justice's response to such a motion in our prior recusal cases in which a full court opinion (often signed by a justice) has been released.[25] Because Justice Gableman's Order either intentionally or inadvertently misstates the allegation and the relevant facts, the Order does not demonstrate that Justice Gableman made the required subjective determination that, in spite of the grounds stated in Adams's challenge, he could act in an impartial manner and it appeared he could act in an impartial manner.

## III

¶ 37. Moreover, the separate writing of my three colleagues relies on *State v. Henley*, 2011 WI 67, 338 Wis. 2d 610, 802 N.W.2d 175, a 4–3 decision in which a challenged justice participated, to conclude that recusal is the sole responsibility of the individual justice for whom disqualification from participation had been sought.

¶ 38. This position is contrary to *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009), in which the United States Supreme Court concluded that a court must make a due process determination whether the litigants had a fair hearing when a justice's participation in a case is challenged. A court cannot rely exclusively on the personal inquiry by the challenged justice or on appellate review of a justice's determination. *Caperton*, 556 U.S. at 883–84. Due process requires

---

[25] *See, e.g., Donohoo*, 314 Wis. 2d 510, ¶ 25.; *Harrell*, 199 Wis. 2d at 658–59, 664; *American TV*, 151 Wis. 2d at 183.

recusal when " 'the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable.'. . . The Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.' " *Caperton*, 556 U.S. at 872, 881 (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). A court should ask whether, " 'under a realistic appraisal of psychological tendencies and human weakness,' " the challenged justice's interest in question "poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Caperton*, 556 U.S. at 883–84 (quoting *Withrow*, 421 U.S. at 47).

\* \* \* \*

¶ 39. Neither Justices Prosser, Roggensack, and Ziegler nor I decide the terms of the fee agreement, the validity of the allegations in the recusal motion, or the validity of the due process challenge. These are issues that may come before the court, but they are not before the court today.

¶ 40. Our prior case law, upon which the separate writing of my three colleagues relies, requires Justice Gableman to make a subjective determination of his impartiality in light of the allegations in the recusal motion and requires the court to objectively decide whether Justice Gableman went through the required exercise of making a subjective determination of impartiality on the basis of the allegations in the recusal motion. Justice Gableman's Order does not demonstrate that the Justice has made the required subjective determination. Thus, my three colleagues cannot con-

390

clude, as they do, that Justice Gableman has satisfied the requirements of Wis. Stat. § 757.19(2)(g).

¶ 41. For the reasons set forth, I reluctantly conclude that Justice Gableman's Order does not demonstrate that Justice Gableman made the subjective determination required by Wis. Stat. § 757.19(2)(g).

¶ 42. I am authorized to state that Justices BRADLEY and CROOKS join this writing.

OFFICE OF THE CLERK

**Supreme Court of Wisconsin**

110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WI 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov

January 20, 2012

To:

Hon. James Welker
Rock County Circuit Court Judge
51 S. Main St.
Janesville, WI 53545

Eldred Mielke
Rock County Clerk of Circuit Court
51 S. Main St.
Janesville, WI 53545

Robert M. Hunter
Assistant Attorney General
P.O. Box 7857
Madison, WI 53707-7857

Peter E. McKeever
Garvey McNeil & Associates, S.C.
One Odana Court
Madison, WI 53719

Eric M. McLeod
Michael P. Screnock
Michael Best & Friedrich LLP
P.O. Box 1806
Madison, WI 53701-1806

*Additional Parties listed on Page 3

You are hereby notified of the following order:

---

No. 2009AP608 <u>Adams v. State</u> L.C.#s 2007CV1478/1479/2104 & 2008CV79

Before Michael J. Gableman, J.

On January 9, 2012, petitioners John and Linda Adams, Mike and Ann Johnson, Verne and Rosemary Wilke, and Richard and Darlene Massen filed a motion requesting that I recuse myself from participation in this case. On January 17, 2012, petitioner Town of Magnolia joined that motion. The motion for recusal is denied.

The petitioners bring this motion because they state that they believe that my participation in this case presents the appearance of impropriety. They state this conclusion based on the fact that the Michael Best & Friedrich firm was involved in the case and had previously represented me.

391

Respondent Ozanne brings this motion because he states that he believes that my participation in these cases presents the appearance of impropriety. He states this conclusion based on the fact that the Michael Best & Friedrich firm was involved in the cases and had previously represented me.

As the United States Supreme Court has declared, those in the judiciary are presumed to act with honesty and integrity. Withrow v. Larkin, 421 U.S. 35, 47 (1975) (stating that there is a "presumption of honesty and integrity in those serving as adjudicators"); see Bridges v. California, 314 U.S. 252, 273 (1941) ("[T]o impute to judges a lack of firmness, wisdom, or honor" is a premise "which we cannot accept"); see also Milburn v. State, 50 Wis. 2d 53, 62, 183 N.W.2d 70 (1971) (holding that judges are presumed to make their decisions "in fidelity to [their] oath of office" and to "try each case on its merits").

This court provided specific guidance as to when a judge must recuse him or herself in Donohoo v. Action Wisconsin, Inc., 2008 WI 110, 314 Wis. 2d 510, 754 N.W.2d 480. See also State v. Henley, 2011 WI 67, __ Wis. 2d __, 802 N.W.2d 175, cert. denied, 565 U.S. __ (2011). Donohoo instructs that a Justice must recuse him or herself from a case only where 1) they cannot act in a fair and impartial manner, or 2) by participating in the case, they would give the appearance that they were not able to act in a fair and impartial manner. Donohoo, 314 Wis. 2d 510, ¶24. Each Justice alone must make the determination of whether one or more of these two circumstances is present. Id. As Donohoo stated:

> Section 757.19(2)(g), Stats., mandates a judge's disqualification only when that judge makes a determination that, in fact or in appearance, he or she cannot act in an impartial manner. It does not require disqualification in a situation where one other than the judge objectively believes there is an appearance that the judge is unable to act in an impartial manner; neither does it require disqualification . . . in a situation in which the judge's impartiality "can reasonably be questioned" by someone other than the judge.

Id. (quoting State v. Harrell, 199 Wis. 2d 654, 663–64, 546 N.W.2d 115 (1996) (quoting State v. American TV & Appliance, Inc., 151 Wis. 2d 175, 182–83, 443 N.W.2d 662 (1989))).

Chief Justice Roberts recently reiterated and elaborated on these principles in his 2011 report on the judiciary. See John G. Roberts, Jr., 2011 Year-End Report on the Federal Judiciary, available at http://www.uscourts.gov/Libraries/Statistics_PDFs/2011Year-EndReport. sflb.ashx. In the report, Chief Justice Roberts noted that, "[a]s in the case of the lower courts, the Supreme Court does not sit in judgment of one of its own Members' decision whether to recuse in the course of deciding a case." Id. at 9. "Indeed," he added, "if the Supreme Court reviewed those decisions, it would create an undesirable situation in which the Court could affect the outcome of a case by selecting who among its members may participate." Id. Chief Justice

392

an obligation to the Court to be sure of the need to recuse before deciding to withdraw from a case." <u>Id.</u> Concluding his remarks on the subject, Chief Justice Roberts observed that "a judge should not be swayed by partisan demands, public clamor or considerations of personal popularity or notoriety, nor be apprehensive of unjust criticism. Such concerns have no role to play in deciding a question of recusal." <u>Id.</u> at 10 (internal quotation marks and citation omitted).

As with the U.S. Supreme Court, there is no one to replace a Justice on our court who recuses himself or herself from a case. A Justice simply should not withdraw from a case because of "partisan demands, public clamor or considerations of personal popularity or notoriety." *I therefore agree with Chief Justice Roberts' reasoning, and find it consistent with our own precedent and with sound principles of judicial ethics and administration.*

Accordingly, having carefully considered the circumstances of this case, the law and reasoning set forth above, and the submissions of the parties, I have determined that recusal is neither justified nor warranted.

Therefore, having carefully considered the motion of petitioners John and Linda Adams, Mike and Ann Johnson, Verne and Rosemary Wilke, and Richard and Darlene Massen individually directed to Justice Michael J. Gableman for his recusal from participation in Case No. 2009AP608;

IT IS ORDERED that the motion to Justice Michael J. Gableman individually is hereby denied.

A. John Voelker
Acting Clerk of Supreme Court

\*Additional Parties:

Glenn C. Reynolds
Elizabeth A. Mackey
Reynolds & Associates
407 E. Main St.
Madison, WI 53703-4276

Christa Westerberg
McGillivray Westerberg & Bender LLC
305 S. Patterson St.
Madison, WI 53703-3552

Jodi L. Habush
Midwest Environmental Advocates
551 W. Main St.
Madison, WI 53703

William P. O'Connor
Wheeler, Van Sickle & Anderson, S.C.
25 W. Main St., Ste. 801
Madison, WI 53703-3398

Carlos A. Pabellon
Assistant Corporation Counsel
210 Martin Luther King, Jr. Blvd., Rm. 419
Madison, WI 53703-3345

Andrew T. Phillips
Daniel J. Borowski
Phillips Borowski, S.C.
10140 N. Port Washington Rd.
Mequon, WI 53092

Lester A. Pines
Jeffrey L. Vercauteren
Cullen, Weston, Pines & Bach LLP
122 W. Washington Ave., Ste. 900
Madison, WI 53703

H.D. Peterson
Krista R. Pleviak
Stroud, Willink & Howard, LLC
P.O. Box 2236
Madison, WI 53701-2236

Richard J. Stadelman
Lee Turonie
Wisconsin Towns Association
W7686 County Rd. MMM
Shawano, WI 54166

Kara Slaughter
Government Relations Director
Wisconsin Farmers Union
16 N. Carroll St., Ste. 810
Madison, WI 53703

394

*Additional Parties:*

Lester A. Pines
Cullen, Weston, Pines & Bach LLP
122 W. Washington Ave., Suite 900
Madison, WI 53703

Krista R. Pleviak
Stroud, Willink & Howard, LLC
P. O. Box 2236
Madison, WI 53701

Kara Slaughter
Government Relations Director
Wisconsin Farmers Union
16 N. Carroll St., Ste. 810
Madison, WI 53703

Richard J. Stadelman
Wisconsin Towns Association
W7686 County Road MMM
Shawano, WI 54166

Lee Turonie
Assistant Legal Counsel
Wisconsin Towns Association
W7686 Cty Rd MMM
Shawano, WI 54166

Jeffrey L. Vercauteren
Cullen Weston Pines & Bach LLP
122 W. Washington Ave. # 900
Madison, WI 53703